PAN AMERICAN PETROLEUM CORPORATION ET AL V. TEXAS PACIFIC COAL AND OIL COMPANY, ET AL. ·

No. A-7237. Decided May 13, 1959.
(324 S.W. 2d Series 300)

*L. A. Thompton*, of Tulsa Okla., *J. K. Smith*, of Fort Worth, *Turner, Rodgers, Winn, Surlock & Terry, Lon Sailers*, of Dallas and *Frank Ashby*, of Midland, for petitioners.

*Stubbeman, McRae, Sealy & Laughlin*, of Midland, *Hudson, Keltner & Sarsgard* and *Joe Bruce Cunningham*, of Fort Worth, for respondents.

PER CURIAM:

The Court of Civil Appeals has dismissed petitioners' appeal, holding that the summary judgment granted by the trial court in favor of respondents and against petitioners on one phase of the case is interlocutory and not appealable. 320 S.W. 2d 915. No severance was ordered by the trial court, but petitioners say that the case involves two entirely separate, severable and independent causes of action, and that the summary judgment disposes of all issues and parties involved in one cause of action. They argue that under such circumstances the granting of the motion for summary judgment effectively severed the two causes of action by implication, and that the judgment is therefore final and appealable.

While there is authority for the argument advanced by petitioners, Richards v. Smith, Texas Civ. App., 239 S.W. 2d 724 (wr. ref. n.r.e.), Riggs v. Bartlett, Texas Civ. App., 310 S.W. 2d 690 (wr. ref. n.r.e.), we do not think the finality and hence the appealability of a judgment should be made to turn upon whether the action is severable as to issues, as to parties, or as to causes of action. The confusion and uncertainty involved in the application of such a rule outweigh any advantages which might result therefrom. In our opinion a summary judgment which does not dispose of all parties and issues in the pending suit is interlocutory and not appealable unless a severance of that phase of the case is ordered by the trial court. Gallaher v. City Transp. Co., Texas Civ. App., 262 S.W. 2d 807 (wr. ref.); Myers v. Smitherman, Texas Civ. App., 279 S.W. 2d 173 (no writ). In the absence of an order of severance a party against whom such an interlocutory summary judgment has been rendered will have his right of appeal when and not before the same is merged in a final judgment disposing of the whole case.

The application for writ of error is refused, No Reversible Error.

552 

Opinion delivered May 13, 1959.

Associate Justice Hamilton not sitting.