Opinion approved by the Court.

INTERNATIONAL UNION OF OPERATING ENGINEERS et al., Appellants,

v.

PHILLIPS PETROLEUM COMPANY, Appellee.

No. 7050.

Court of Civil Appeals of Texas.

Amarillo.

Dec. 12, 1960.

Mullinax, Wells, Morris & Mauzy, Dallas, Sam Houston Clinton, Jr., and Arthur Mitchell, Austin, for appellants.

C. J. Roberts and C. Rex Boyd, Amarillo, for appellee.

PER CURIAM.

This Court is confronted with a motion to dismiss this appeal from an order of the district court of Hutchinson County granting a summary judgment in favor of appellee, third party defendant in the court below.

The original suit was filed by 28 former employees of the Phillips Petroleum Company against International Union of Operating Engineers, AFL–CIO; Local 351, International Union of Operating Engineers; Houston Clinton, Jr., Joe W. Rigdon, E. E. Looney and L. V. McCarthy. The defendants duly answered and after obtaining leave of the court, filed a third party action against Phillips . Petroleum Company seeking contribution or indemnity in the event of recovery by plaintiffs of a judgment against defendants. Phillips Petroleum Company subsequently filed its motion for summary judgment. After a hearing on this motion the trial court granted Phillips' motion for summary judgment. The controversy between the plaintiff employees and the defendants has not been tried or disposed of.

Appellee has filed its motion to dismiss this appeal from the trial court's order granting appellee's motion for summary judgment. It is appellee's contention that such an order is not a final judgment within the meaning of Article 2249, V.T.C.S., and that this order granting the summary judgment is not such an interlocutory order that may be appealed from as allowed by Article 2250, V.T.C.S.

The order granting the summary judgment complained of was entered and filed on August 23, 1960. Appellants' notice of appeal was first filed on August 22, 1960 and was re-filed on September 7, 1960. On September 20, 1960, the trial court entered and caused to be filed another order which set out the action the trial court had previously taken on appellee's motion for summary judgment, and spelled out the court's rulings on various exceptions to the pleadings of the parties. As we view it, the sole question to be determined here is whether or not the trial court's order of September 20 constituted a severance of the third party action against Phillips Petroleum Company (appellee).

A per curiam opinion by our Supreme Court in Pan American Petroleum Corp. v. Texas Pacific Coal & Oil Co., 324 S.W.2d 200, has clearly established the rule that in the absence of a severance, a summary judgment which does not dispose of all parties and issues in the pending suit is interlocutory and not appealable. The defendant, Local 351, International Union of Operating Engineers, concedes that the order of September 20 did not have the effect of a severance, and that the order granting the summary judgment is not appealable. However, appellant International Union of Operating Engineers takes the contrary view. The latter appellant refers to the

following language of the order of September 20:

"(1) Summary judgments on behalf of third party defendant, Phillips Petroleum Company were granted, to which action all third party plaintiffs excepted and *gave notice of appeal to the Amarillo Court of Civil Appeals.*" (Emphasis added by appellant).

It is the appellants' contention that in as much as the earlier order granting the summary judgment was not appealable, the order reciting the exception and notice of appeal must be considered as an order of severance by the trial court. We are unable to agree with this contention. The record reveals no motion or request for a severance. In fact, the record fails to disclose any motion or request upon which the court's order of September 20 is predicated. A careful examination of the September 20 order discloses no language stating or implying that the order was severing the third party action. The order merely recites the various rulings of the trial court previously announced, and states that other matters were to be taken under advisement by the court. We are therefore of the opinion the order of September 20, 1960, did not constitute a severance.

We therefore conclude that the summary judgment complained of did not dispose of all parties and issues pending in the suit and is therefore interlocutory and not appealable. The appellants will have their right to appeal from the trial court's order granting the summary judgment when the order is merged in a final judgment disposing of the entire case.

We therefore sustain the appellee's motion to dismiss this appeal. In view of our ruling on the appellee's motion to dismiss, appellee's "Motion to Strike Statement of Facts" and "Motion for Extension of Time to File Appellee's Brief" are moot.

The appeal is dismissed.