**L. F. BOYDSTON et al., Appellants,**

**v.**

**Mary Page CHILDRESS et al., Appellees.**

No. 3837.

Court of Civil Appeals of Texas.

Eastland.

March 13, 1964.

R. J. Balch, Seymour, Don E. Burdette, Ft. Worth, for appellants.

McMahon, Smart, Sprain, Wilson & Camp, Robert Surovik, Abilene, for appellees.

GRISSOM, Chief Justice.

Mary Page Childress, joined by her husband, and William Louis Page, sued L. F. Boydston, M. T. Shaw, Horton Porter, O. H. Bartley, Wayne Nicholson, Fort Worth Fountain & Hotel Supply and Brunswick Automatic Pinsetter Corporation. They sought and obtained judgment against Boydston and Shaw, as the lessees, and against Nicholson, Porter and Bartley, as assignees and partners of said lessees, for the unpaid portion of a rental contract. Plaintiffs also sought against Fountain & Hotel Supply and Brunswick foreclosure of their landlord's lien and an injunction preventing removal of some personal property from the leased building. Plaintiffs allege that Brunswick Automatic Pinsetter

Corporation and Fort Worth Fountain & Hotel Supply were claiming some interest in the personal property in the leased building. Plaintiffs admitted that their landlord's lien had been subordinated to the chattel mortgage of Brunswick Automatic Pinsetter Corporation "covering automatic pinsetting equipment only" but they alleged that Brunswick's other chattel mortgage and the chattel mortgage of Fort Worth Fountain & Hotel Supply were subordinate to the plaintiffs' lien upon all other property in the leased building; that said defendant mortgagees were threatening to remove the property covered by their mortgages from the building without satisfying plaintiffs' indebtedness; that the bowling lanes in the leased building had been closed since October 24, 1962 and that defendants retained the keys to the building and were withholding possession from the plaintiffs. Plaintiffs prayed that all defendants be enjoined from removing any of the personal property from the premises, other than a certain named piece of equipment, and that they have judgment against Boydston, Shaw, Nicholson, Porter and Bartley, jointly and severally, for $24,200.00, for possession of said building, and for foreclosure of plaintiffs' landlord's lien on all other personal property in the leased building.

The judgment recites that there came on to be considered plaintiffs' motion for a summary judgment and expressly names all of said defendants. It then recites that plaintiffs "stated that they no longer seek any judgment against Fort Worth Fountain and Hotel Supply Company, which company has relinquished any and all claims to properties of the Seymour Bowling Lanes, and Plaintiffs further stated at the time of hearing that summary judgment was not sought against Brunswick Automatic Pinsetter Corporation." It then recites that Boydston, Shaw, Bartley, Porter and Nicholson were before the court for a hearing on plaintiffs' motion for summary judgment and, it appearing that said motion was accompanied by certain affidavits, and the court, having considered the pleadings and affidavits, found that the amount of unpaid consideration for the lease was $24,200.00, and that Boydston, Shaw, Bartley, Porter and Nicholson were jointly and severally liable therefor; that no genuine issue as to any material fact had been raised and that plaintiffs were entitled to judgment against the defendants and each of them, as a matter of law. It then decrees that plaintiffs recover from Boydston, Shaw, Bartley, Porter and Nicholson, jointly and severally, $24,200.00. The judgment concludes that it is "without prejudice to the rights of any party to subsequently litigate any additional matters not precluded hereby."

Boydston, Shaw, Bartley, Porter and Nicholson have attempted to appeal. Although the judgment recites that, upon the hearing of plaintiffs' motion for a summary judgment, plaintiffs stated that they no longer sought judgment against the Fountain and Hotel Supply Company, which had relinquished all rights and claims to properties of the Seymour Bowling Lanes, there is no order relative to a non-suit, and, although plaintiffs stated at the time of said hearing that "summary" judgment was not sought against Brunswick, there is no order disposing of either of said parties or the issues relative to foreclosure and injunction. The judgment concludes with a recital that it is without prejudice to the rights of any party to subsequently litigate any additional matters not precluded thereby. There is no order of severance in the record. The cause of action asserted by plaintiffs against said non-appealing defendants is not shown to be disposed of by said judgment, or by any order in the record. We conclude that the judgment is not final. We have jurisdiction only to dismiss the appeal. Said conclusions are required by the holding of our Supreme Court in Pan American Petroleum Corporation v. Texas Pacific Coal & Oil Company, 159 Tex. 550, 324 S.W.2d 200, wherein the court said:

"In our opinion a summary judgment which does not dispose of all parties

and issues in the pending suit is interlocutory and not appealable unless a severance of that phase of the case is ordered by the trial court. Gallaher v. City Transp. Co., Tex.Civ.App., 262 S.W.2d 807 (wr. ref.); Myers v. Smitherman, Tex.Civ.App., 279 S.W.2d 173 (no writ.) In the absence of an order of severance, a party against whom such an interlocutory summary judgment has been rendered will have his right of appeal when and not before the same is merged in a final judgment disposing of the whole case."

See also Pierce v. Reynolds, 160 Tex. 198, 329 S.W.2d 76, 77; Kansas University Endowment Association v. King, 162 Tex. 599, 350 S.W.2d 11, 19; Sears v. Mund Boilers, Inc., Tex.Civ.App., 328 S.W.2d 199, 200, (Writ Ref.) and International Union of Operating Engineers v. Phillips Petroleum Company, Tex.Civ.App., 341 S.W.2d 662.

The appeal is dismissed.