**STALCO, INC., Appellant,**

v.

**ZERO REFRIGERATED LINES, INC.,**
Appellee.

No. 14407.

Court of Civil Appeals of Texas.

San Antonio.

May 5, 1965.

Rehearing Denied May 26, 1965.

Maynard F. Robinson, San Antonio, for appellant.

Lang, Byrd, Cross, Ladon & Oppenheimer, San Antonio, for appellee.

BARROW, Justice.

This is an appeal by Stalco, Inc., hereinafter sometimes referred to as plaintiff, from an order sustaining a plea to the jurisdiction filed by defendant, Zero Refrig-

erated Lines, Inc. Appellee has filed a motion to dismiss this appeal and asserts that the order complained of by Stalco is interlocutory.

 It is settled that a judgment which does not dispose of all parties and issues in the pending suit is interlocutory and not appealable unless a severance of that phase of the case is ordered by the trial court. Pan American Petroleum Corp. v. Texas Pac. Coal & Oil Co., 159 Tex. 550, 324 S.W. 2d 200 (1959); Wagner v. Warnasch, 156 Tex. 335, 295 S.W.2d 890 (1956). The order complained of contains a recitation that "the Plea to the Jurisdiction as set forth in Defendant's Original Answer was well taken and should be sustained," and decrees: "Now, it is therefore ORDERED that the defendant's Plea to the Jurisdiction be and it is hereby sustained, to which action and Order of the Court the plaintiff then and there in open court duly and timely excepted and gave notice of appeal * * *."

Plaintiff's suit sought three types of relief: (1) a mandatory injunction commanding defendant to resume contractual relations as they existed between plaintiff and defendant prior to December 7, 1964; (2) actual and exemplary damages for breach of their contractual relations; and (3) a declaratory judgment declaring plaintiff to be the actual owner of the commodity authority and territorial authority as defined in defendant's certificate of convenience and necessity issued by the Interstate Commerce Commission. Defendant's plea to the jurisdiction asserted that the trial court did not have jurisdiction of the subject matter of this suit "insofar as Plaintiff's prayer for declaratory judgment is concerned in that the practical effect of the declaration sought by Plaintiff would require this Court to usurp the licensing authority of the Interstate Commerce Commission, which federal agency is the sole and exclusive body authorized to license common carriers for hire in interstate commerce, * * *." Defendant did not question the trial court's jurisdiction insofar as it was invoked by plaintiff's claim for injunctive relief and damages. It is seen that the order does not expressly dismiss plaintiff's suit. Since the court only sustained the plea as asserted by defendant it cannot be said that the entire suit was dismissed by implication.

It is therefore our opinion that the order complained of herein did not dispose of the entire suit and is therefore interlocutory and not appealable. Stalco will have its right of appeal from this interlocutory order when, and not before, the same is merged in a final judgment disposing of the whole case. Pan American Petroleum Corp. v. Texas Pac. Coal & Oil Co., supra.

As there is no final judgment in this cause, appellant's appeal is dismissed.

CADENA, J., not sitting.