### L. F. BOYDSTON et al., Appellants,

v.

### Mary Page CHILDRESS et vir et al., Appellees.

### No. 3983.

Court of Civil Appeals of Texas.

Eastland.

May 7, 1965.

Rehearing Denied May 28, 1965.

R. J. Balch, Seymour, Don Burdette, Amarillo, for appellants.

McMahon, Smart, Sprain, Wilson & Camp (Bob J. Surovik), Abilene, for appellees.

WALTER, Justice.

In Boydston v. Childress, 378 S.W.2d 730, this court dismissed the appeal stating "The judgment concludes with a recital that it is without prejudice to the rights of any party to subsequently litigate any additional matters not precluded thereby. There is no order of severance in the record. The cause of action asserted by plaintiffs against said non-appealing defendants is not shown to be disposed of by said judgment, or by any order in the record. We conclude that the judgment is not final. We have jurisdiction only to dismiss the appeal."

After the appeal was dismissed and on May 14, 1964, plaintiffs filed a motion in the trial court to dismiss and sever wherein they said: "Plaintiffs pray and move, in order to make final the Summary Judgment previously entered by the Court in this mat-

ter, that the cause of action against the Defendant, Fort Worth Fountain and Hotel Supply, be dismissed; that the cause of action against Defendant Brunswick Automatic Pinsetter Corporation, as well as all other causes of action except that certain cause of action set forth in Plaintiffs' Motion for Summary Judgment, be severed and tried separately from said cause of action set forth in Plaintiffs' Motion for Summary Judgment against Defendants Boydston, Shaw, Bartley, Porter and Nicholson and in the Summary Judgment entered herein—."

On May 25, 1964, the court entered the following order:

"It is therefore ORDERED, ADJUDGED AND DECREED that the cause of action against the Defendant, Fort Worth Fountain and Hotel Supply be, and the same is, hereby dismissed; that the cause of action against Defendant Brunswick Automatic Pinsetter Corporation, as well as all other causes of action except that certain cause of action set forth in the Plaintiffs' Motion for Summary Judgment, be, and the same are, hereby severed and ORDERED to be tried separately from the cause of action against Defendants Boydston, Shaw, Bartley, Porter and Nicholson, as set forth in the Plaintiffs' Motion for Summary Judgment and the Summary Judgment of the Court; and that the Summary Judgment heretofore entered be incorporated by reference as though fully set forth herein and made a part hereof, and that such Summary Judgment be, and the same is, hereby made final as to the cause of action disposed of therein." Defendants filed their motion for a new trial on June 4, 1964.

On January 11, 1965, the court entered an order reciting that it was without jurisdiction to take any further action on defendants' motion to set aside the order entered on May 25, 1964, because said motion had been overruled by operation of law forty five days after it was filed and "that the summary judgment previously entered has become final." To which order the defendants excepted and gave notice of appeal. This notice of appeal was filed January 13, 1965.

The appellants did not perfect an appeal from the final judgment of May 25, 1964, in that they failed to file an appeal bond within the time required by Rule 356, Texas Rules of Civil Procedure. The bond of Shaw and Boydston was filed February 8, 1965, and the bond of Bartley, Porter and Nicholson was filed January 29, 1965. Their bond should have been filed within thirty days after their motion for a new trial was overruled by operation of law. We are therefore compelled to dismiss the appeal. It is so ordered.