The TRAVELERS INSURANCE COMPANY, Appellant,

v.

W. H. APPELL et al., Appellees.

No. 15025.

Court of Civil Appeals of Texas, San Antonio.

Sept. 28, 1971.

Rehearing Denied Oct. 20, 1971.

E. G. Lloyd, Jr., Lloyd, Lloyd, Ellzey & Lloyd, Alice, for appellant.

Perkins, Davis, Oden & Warburton, L. H. Warburton, Jr., Alice, for appellees.

PER CURIAM.

Appellees, W. H. Appell, Olmos Operating Company, Appell Drilling Company, and Texam Corporation, have filed their motion to dismiss this appeal for want of jurisdiction and assert that the order complained of is interlocutory and not appealable.

■ It is settled law that, with certain exceptions not applicable here, an appeal may be prosecuted only from a final judgment. North East Independent School District v. Aldridge, 400 S.W.2d 893 (Tex.1966); Stalco, Inc. v. Zero Refrigerated Lines, Inc., 390 S.W.2d 476 (Tex.Civ. App.—San Antonio 1965, writ ref'd); 4 McDonald, Texas Civil Practice, Judgments, Section 17.03.2; Appellate Procedure in Texas, Appealable Judgments and Orders, Section 2.4.

Appellant filed this suit against the four heretofore named parties, together with Appell Petroleum Corporation, seeking to recover for certain insurance premiums allegedly owed appellant by said five defendants. A joint answer was filed on behalf of all five defendants; however, the four appellees herein specially denied that appellant had ever issued an insurance policy in their behalf. On the other hand, Appell Petroleum Corporation urged the Statutes of Limitation as a defense to the suit. Thereafter, a motion for summary judgment was filed on behalf of said five defendants urging the respective defenses as set forth in their answer. After a hearing on said motion, the trial court specifically granted said motion as to the four appellees, but overruled the motion as to Appell Petroleum Corporation.[1] No severance was ordered.

■ The applicable rule was stated in Pan American Petroleum Corporation v. Texas Pacific Coal & Oil Company, 159 Tex. 550, 324 S.W.2d 200 (1959), as follows: "In our opinion a summary judgment which does not dispose of all parties and issues in the pending suit is interlocutory and not appealable unless a severance of that phase of the case is ordered by the trial court."

The partial summary judgment complained of herein is not an appealable judgment since it does not dispose of all parties in the suit, and no order of severance was entered. Therefore, we do not have power to review same. Hall v. City of Austin, 450 S.W.2d 836 (Tex.1970); Steeple Oil & Gas Corporation v. Amend, 394 S.W.2d 789 (Tex.1965).

The appeal is dismissed for want of jurisdiction.

1. "It is therefore, ORDERED, ADJUDGED and DECREED by the Court that the Motion for Summary Judgment heretofore filed herein by W. H. Appell, individually, Olmos Operating Company, Appell Drilling Company and Texam Corporation, is in all things granted and all relief sought by the Plaintiff against those named Defendants is denied, but all costs in this behalf expended are taxed against Plaintiff, for which execution shall issue. The motion for summary judgment as to Appell Petroleum Corporation is in all things overruled."