**TEXAS FARM BUREAU MUTUAL IN-SURANCE COMPANY, Appellant,**

v.

**H. E. WELLS, Appellee.**

**No. 4571.**

Court of Civil Appeals of Texas, Eastland.

Sept. 22, 1972.

Rehearing Denied Oct. 11, 1972.

Crenshaw, Dupree & Milam, Max C. Addison, Lubbock, for appellant.

Saleh & Saleh, Sam Saleh, Lamesa, for appellee.

WALTER, Justice.

Our order overruling appellee's motion to dismiss the appeal is hereby set aside and said motion is granted. As shown by H. E. Wells' original petition, he sought relief against Texas Farm Bureau Mutual Insurance Company as follows:

"Wherefore, premises considered, Plaintiff prays that the Defendant be cited to appear and answer herein, and that upon final hearing hereof that he have judgment against the Defendant wherein Defendant is to be Ordered to defend Plaintiff in the above-described lawsuit, to pay any judgment rendered against Plaintiff in said lawsuit, to pay all costs of court and other expenses incidental to defending said lawsuit and to reimburse Plaintiff for the amount of his legal expenses and other expenses incurred and to be incurred in employing his own attorney to defend the cause of action filed against him, said amount to depend upon the amount of legal work necessary based upon the State Bar of Texas Minimum Fee Schedule, but in no event less than $3,000.00, and for such other and further relief, to which Plaintiff may show himself justly entitled either in law or in equity."

In the judgment granting Wells' motion for summary judgment the court found as follows:

"It is therefore ordered, adjudged and decreed by the Court that the Motion for Summary Judgment of defendant, Texas Farm Bureau Mutual Insurance Company, be

and the same is hereby overruled, and the Motion for summary judgment of the plaintiff, H. E. Wells, should be and the same is hereby granted, and it is further ordered that the said defendant, Texas Farm Bureau Mutual Insurance Company, under the Texas Standard Homeowner's Policy No. 304115, issued by said defendant to the said plaintiff, is obligated to said plaintiff to defend Cause No. 7881, styled Rito Salas vs. H. E. Wells, on the docket of this Court. . . ."

The court passed on only one issue. The issues of whether the insurance company is obligated to pay any judgment rendered against Wells and whether the insurance company is obligated to reimburse Wells for the amount of his legal expenses were not adjudicated. These issues were not disposed of by the summary judgment and no order of severance was entered. We conclude therefore that the judgment is not final and we have no jurisdiction except to dismiss the appeal. This conclusion is supported by our Supreme Court in Pan American Petroleum Corporation v. Texas Pacific Coal & Oil Company, 159 Tex. 550, 324 S.W.2d 200 (1959) wherein the Court said:

"In our opinion a summary judgment which does not dispose of all parties and issues in the pending suit is interlocutory and not appealable unless a severance of that phase of the case is ordered by the trial court. Gallaher v. City Transp. Co. [of Dallas], Tex.Civ.App., 262 S.W.2d 807 (wr. ref.); Myers v. Smitherman, Tex.Civ.App., 279 S.W.2d 173 (no writ). In the absence of an order of severance, a party against whom such an interlocutory summary judgment has been rendered will have his right of appeal when and not before the same is merged in a final judgment disposing of the whole case."

The appeal is dismissed.