R. L. TEMPLETON, Appellant,

v.

Teed David HILL, Appellee.

No. 5207.

Court of Civil Appeals of Texas, Waco.

Oct. 26, 1972.

R. L. Templeton, Wellington, for appellant.

Jack C. Wessler, Fort Worth, Spillman & Spillman, Wellington, for appellee.

HALL, Justice.

This is an attempted appeal from a partial summary judgment. We agree with appellee that the judgment is interlocutory and not appealable.

E. H. Harwell, as guardian of the person and estate of Teed David Hill, brought this action in the name of and on behalf of Hill against Texas Electric Service Company. He alleged that the Company trespassed upon and damaged land owned by Hill in Johnson County by placing poles in the land and constructing electric transmission lines across the property; and that the Company is depriving Hill the possession and use of the property. Harwell alleged that the trespass was willful and wanton, and prayed for actual and exemplary damages.

The Company answered with a general denial, and a plea of "not guilty" to the trespass. It then alleged that its entry upon Hill's land and the construction of the transmission lines were done in good faith and were based upon an easement executed in favor of the Company by R. L. Templeton; that Templeton was authorized by power-of-attorney from Hill to execute the easement; that the Company paid Templeton, as Hill's attorney-in-fact, $1,750 for the easement. Alternatively, the Company filed a cross-action against Hill seeking to condemn an easement for the transmission lines in the event the alleged easement from Templeton should be determined to be invalid. Additionally, the Company filed a third-party complaint against Templeton, seeking indemnity for any sum it might be required to pay Hill in this lawsuit.

Templeton filed a plea in abatement alleging, in effect, that this suit should be dismissed because the Company has a valid easement by virtue of a power-of-attorney executed by Hill to Templeton and the easement executed by Templeton to the Company.

Harwell filed a motion for summary judgment in which he asked the court to decree that the power-of-attorney from Hill to Templeton "was null and void and of no effect." The Company and Templeton answered the motion, and all parties filed affidavits. After a hearing, the court granted the motion and rendered judgment that the power-of-attorney "is void and of no force and effect" and that it was null and void when Templeton executed the easement to the Company. No order was made by the trial court severing the question of the validity of the power-of-attorney from the other issues in the case.

Only Templeton has appealed.

In Pan American Petroleum Corporation v. Texas Pacific Coal & Oil Company, 159 Tex. 550, 324 S.W.2d 200 (1959), the court said that when a summary judgment does not dispose of all parties and issues in a pending lawsuit and a severance of the phase of the case disposed of by the judgment is not ordered by the trial court, then the judgment is interlocutory and not appealable. The judgment before us falls squarely within that rule, and we are without power to review it. We therefore dis-

miss the appeal. Steeple Oil and Gas Corporation v. Amend, (Tex.Sup., 1965) 394 S.W.2d 789, 790.

Appeal dismissed.