Effie Lacey GREGORY et vir, Appellants,

v.

**TEXAS NATIONAL GUARD ARMORY BOARD et al., Appellees.**

No. 4608.

Court of Civil Appeals of Texas, Eastland.

Feb. 2, 1973.

Rehearing Denied Feb. 23, 1973.

James O. Cade, Brownwood, for appellants.

Griffin, Griffin & Old, Brownwood, John Hill, Atty. Gen. of Tex. (Harold G. Kennedy, Asst. Atty. Gen.), Austin, for appellees.

McCLOUD, Chief Justice.

Plaintiffs, Effie Lacey Gregory and husband, A. F. Gregory, and involuntary plaintiffs, under Rule 39, Texas Rules of Civ. Procedure, Adelene Beck, Sam E. Lacey, John Horner and Luene Smith, filed a motion for summary judgment in their trespass to try title suit against defendants, Texas National Guard Armory Board, Harry B. Kelton, and Mrs. T. E. Stephens. Plaintiffs sought summary judgment upon all of their claims, except the question of damages and partition of damages and lands between the plaintiffs and involuntary plaintiffs. Only the defendant, Texas National Guard Armory Board, filed a response or answer to plaintiffs' motion. There was no order of severance entered. The trial court overruled plaintiffs' motion for summary judgment and plaintiffs have appealed. The order overruling the motion for summary judgment contained the following language:

". . . it is now, accordingly, ORDERED, ADJUDGED and DECREED that *Plaintiffs take nothing* of defendant, Texas National Guard Armory Board of the State of Texas, or of any of the defendants; and that all the defendants go hence with their costs without day; . . ." (Emphasis added)

We are first confronted with the problem of whether the order appealed from is final and appealable or interlocutory. All parties argue that the order is final and appealable. Plaintiffs ask us to reverse and render judgment in their favor based upon their motion for summary judgment which was overruled. Defendant, Texas National Guard Armory Board, argues that the trial court properly entered a take nothing judgment in favor of defendants when it overruled plaintiffs' motion for summary judgment. Alternatively, the Armory Board contends that its pleading filed in opposition to plaintiffs' motion constituted a proper motion on behalf of it for a summary judgment.

■ As a general rule an order overruling a motion for summary judgment is interlocutory and not appealable. Wright v. Wright, 154 Tex. 138, 274 S.W.2d 670 (1955). But when all parties file motions for summary judgment and one such motion is granted, then the trial court's judgment becomes final and appealable, and on appeal the appellate court should determine all questions presented. Tobin v. Garcia, 159 Tex. 58, 316 S.W.2d 396 (1958). A summary judgment which does not dispose of all parties and issues in the pending suit is interlocutory and not appealable unless a severance of that phase of the case has been ordered by the trial court. Pan American Petroleum Corporation v. Texas Pacific Coal & Oil Company, 159 Tex. 550, 324 S.W.2d 200 (1959). Also, neither the trial court nor the reviewing court on appeal may render a summary judgment in favor of a party who has not filed a motion for summary judgment. Durham v. I. C. T. Insurance Co., 283 S.W.2d 413 (Tex.Civ.App.—Dallas 1955, writ dism.).

■ In the present case only the plaintiffs filed a motion for summary judgment. Their motion excluded certain issues in the case and no order of severance was entered. Only one defendant, Texas National Guard Armory Board, filed a response to that motion. The pleading filed was entitled "Defendant's, Texas National Guard Armory Board, Answer to Plaintiffs' Motion for Summary Judgment".

We do not agree with defendants that this answer also constituted an affirmative motion for summary judgment on behalf of the National Guard Armory Board. There is good reason for requiring one who is seeking a summary judgment to clearly and unequivocally request such relief. The answer filed does not satisfy the requirements of a motion for summary judgment. Rule 166–A, T.R.C.P.

■ The order appealed from is intrinsically interlocutory in character. It is entitled "Order on Plaintiffs' Motion for Summary Judgment". The order expressly overrules plaintiffs' motion. It was not entered in a case regularly set for a conventional trial on the merits. Therefore, the finality of judgment presumption discussed in North East Independent School District v. Aldridge, 400 S.W.2d 893 (Tex.Sup.1966) is not applicable. We think the appeal is an appeal from an interlocutory order and the appeal should be dismissed and the case remanded to the trial court.

■ If we are in error in holding that the order is interlocutory, then we hold that the case should be reversed and remanded. The parties have not had a conventional trial. Since motions for summary judgment were not filed by all parties, and this appeal is not prosecuted from an order granting a summary judgment, we cannot consider the trial court's action in overruling plaintiffs' motion for summary judgment. Ackermann v. Vordenbaum, 403 S.W.2d 362 (Tex.Sup.1966).

The case is remanded to the trial court.