**Mrs. Alice Dean WESTBROOK et al.,
Appellants,**

**v.**

**CITY OF EDNA, Appellee.**

**No. 829.**

Court of Civil Appeals of Texas, Corpus Christi.

Oct. 25, 1973.

Rehearing Denied Nov. 30, 1973.

W. Arthur Combs, Combs & Archer, Houston, for appellants.

Lang, Cross, Ladon, Boldrick & Green, Paul M. Green, San Antonio, for appellee.

OPINION

BISSETT, Justice.

The City of Edna, defendant-appellee, has filed a motion in this Court to dismiss this appeal on the ground that we do not

have jurisdiction of the appeal because the order appealed from is interlocutory.

On June 29, 1972, Gerald Vernon Westbrook was employed as a truck driver by Craig and Watters, Inc., and was travelling East on Highway 59, in Jackson County, Texas, when his truck collided with a truck that was owned by Jerome Tater, d/b/a J & J Enterprises and which was being operated by James Hopes. The accident occurred in the city limits of Edna, Texas, and Gerald Vernon Westbrook died in the crash of the two trucks. Suit was filed in September, 1972, by Mrs. Alice Dean Westbrook, individually and as next friend of her four children against Jerome Tater, d/b/a J & J Enterprises and the City of Edna, defendants, for damages on account of the death of Mr. Westbrook, their husband and father. The cause was docketed under No. 5896.

At the time of the accident, Jerome Tater, the owner of J & J Enterprises, had a contract with the City of Edna for the collection and disposal of garbage. James Hopes was driving Jerome Tater's truck in the furtherance of that contract when the collision occurred. Plaintiffs alleged in their petition that the defendant Tater and the driver of his garbage truck were employees of the City of Edna, and not independent contractors, so that the City was liable by reason of the negligence of Tater and his employee (James Hopes) for the damages sustained by plaintiffs under Article 6252–19, Section 3, Vernon's Ann.Civ. St. In the alternative, it was alleged that should it be held that Tater was an independent contractor at the time in question, the City delegated to him a governmental function, but negligently failed to require him to carry comprehensive insurance of $100,000.00 to $300,000.00, as provided by the aforesaid statute, and although Tater had a contract with the City which provided for such coverage, the City negligently failed to require him to carry out the provisions of the contract, to plaintiffs' damage.

The City of Edna filed a motion for summary judgment as to that part of plaintiffs' cause of action asserted in Paragraph V of the petition alleging that Tater and his employees were not independent contractors but were employees or borrowed employees of the City who were acting under the direction and supervision of the City Manager of the City of Edna in the operation of the garbage truck that collided with the truck that was being driven by Mr. Westbrook. The City of Edna also filed a motion to sever the allegations contained in Paragraph VI of the petition alleging in the alternative that the City of Edna was negligent in failing to require the defendant Tater to carry sufficient insurance coverage.

The trial judge granted the City's motion to sever the issue of insufficient insurance coverage as set out in Paragraph VI of plaintiffs' first amended original petition, thus severing that allegation out of Cause No. 5896 into a separate cause of action, which was docketed under No. 5896–A. The severed cause of action, No. 5896–A, was ordered held in abeyance until the entry of a final judgment in Cause No. 5896. The trial judge, in Cause No. 5896, then granted the City's motion for summary judgment as to the independent contractor issue set forth in Paragraph V of the plaintiffs' first amended original petition. Plaintiffs have appealed from that order of the trial court. Summary judgment was not, however, granted as to the cause of action (allegations of insufficient insurance coverage) set forth in Paragraph VI, of plaintiffs' first amended petition, which had been by that time severed and docketed as a separate suit (Cause No. 5896–A).

 It is well established that a judgment must be final as to all parties and issues before it is appealable. Kimmel v. Lytton, 371 S.W.2d 927 (Tex.Civ.App.—Waco 1963, writ ref'd); Turcotte v. Trevino, 467 S.W.2d 573 (Tex.Civ.App.—Corpus Christi 1971, ref'd n. r. e.). The action of the trial court left part of Cause No. 5896, pending, and did not dispose of all parties

and issues in such cause. The granting of a motion of summary judgment as to only own of several defendants is not a final judgment which is appealable. Pan American Petroleum Corporation v. Texas Pacific Coal & Oil Company, 159 Tex. 550, 324 S.W.2d 200 (1959); Gallaher v. City Transp. Co. of Dallas, 262 S.W.2d 807 (Tex.Civ.App.—El Paso 1953, writ ref'd); Myers v. Smitherman, 279 S.W.2d 173 (Tex.Civ.App.—San Antonio 1955, n. w. h.). Although a severance was granted as to the allegations now being asserted in Cause No. 5896–A, the summary judgment was granted only as to the independent contractor issue in Cause No. 5896. The summary judgment did not dispose of the issues relating to the alleged negligence of the primary defendant, Tater. It is settled that the granting of a summary judgment against one of several defendants does not act as an automatic severance of that part of the law suit so as to make the summary judgment appealable. Pan American Petroleum Corporation v. Texas Pacific Coal & Oil Company, *supra*; Gallaher v. City Transp. Co. of Dallas, *supra*.

In the absence of an order of severance as to the independent contractor issue in Cause No. 5896, the judgment in Cause No. 5896 *sub judice* is interlocutory and non-appealable. Summary judgment was not granted as to the issue that was severed. The severance of the issue of insufficient insurance coverage into a separate cause of action docketed as Cause No. 5896–A had no effect upon the finality and appealability of the summary judgment granted in favor of only *one of the defendants* (City of Edna) *as to only one of the issues* (independent contractor) involved in Cause No. 5896. Had summary judgment been rendered in Cause No. 5896–A, then, because of the severance, that order would have been appealable. Stalco, Inc. v. Zero Refrigerated Lines, Inc., 390 S.W.2d 476 (Tex.Civ.App.—San Antonio 1965, writ ref'd). That, however, is not the case before us. Since the order granting the summary judgment in Cause No. 5896 was not a final judgment, this Court is without jurisdiction to entertain this appeal. Steeple Oil and Gas Corporation v. Amend, 394 S.W.2d 789 (Tex.Sup. 1965); Pierce v. Reynolds, 160 Tex. 198, 329 S.W.2d 76 (1959); Pan American Petroleum Corporation v. Texas Pacific Coal & Oil Company, *supra*; Gonzales Motor Company v. Cain, 476 S.W.2d 124 (Tex. Civ.App.—Corpus Christi 1972, writ dism'd).

The appeal is dismissed.