**Billy B. WILLIAMS, Appellant,**

v.

**SOUTHERN TRUST & MORTGAGE COMPANY et al., Appellees.**

**No. 4742.**

Court of Civil Appeals of Texas, Eastland.

Dec. 13, 1974.

Rehearing Denied Jan. 10, 1975.

William Andress, Jr., Andress, Woodgate & Lodewick, Dallas, for appellant.

Robert H. Mow, Jr., Carrington, Coleman, Sloman, Johnson & Blumenthal, Robert B. Payne, Payne & Seeligson, Dallas, for appellees.

WALTER, Justice.

Billy B. Williams filed suit against Southern Trust & Mortgage Company, H. R. Bright, individually, and Bright & Schiff, a partnership, to enforce a stock option agreement to purchase 3½% of the capital stock of Southern Trust.

The defendants filed a cross-action and sought an accounting of the profits from investments made by Williams during the time he was employed by them and asked that all such profits and investments be awarded to them. In the alternative they sought damages in the amount of $200,000 for such wrongful conduct on the part of Williams. They also sued for breach of a contract they had with Williams. We copy from Appellee's brief the following:

". . . In addition, appellees filed a counterclaim against Williams alleging, among other issues, that Williams had signed a written agreement in 1968 agreeing, upon termination of his services with Southern Trust, to resell to Southern Trust certain stock owned by Williams in another corporation owned principally by Southern Trust. This second corporation was known as the Arlin Development Company ('Arlin')." ·

The motion for summary judgment of Southern Trust and Mortgage Company, Bright & Schiff and H. R. Bright was granted. The judgment recites that their motion for summary judgment on its counterclaim was sustained and Williams was ordered to assign to Southern Trust the 40 shares of common stock in Arlin Development.

The judgment makes no disposition of the cause of action asserted by the appellees in their counterclaim for an accounting and damages from Williams. The prayer in their motion for summary judgment as follows:

"WHEREFORE, PREMISES CONSIDERED, these Defendants pray for such summary judgment, both with respect to their defense and with respect to their claims asserted in their cross-claim or cross-action on file herein, or, alternatively, for the motion aforesaid, and for such other and further relief as they may show themselves to be entitled."

It is clear that their motion for summary judgment seeks relief "with respect to their *claims* asserted in their cross-claim or cross-action on file herein."

In his post-submission brief Williams contends this judgment is final and appealable and relies on North East Independent School District v. Aldridge, 400 S.W.2d 893 (Tex.1966), wherein the court said:

"When a judgment, not intrinsically interlocutory in character, is rendered and entered in *a case regularly set for a conventional trial on the merits,* no order for a separate trial of issues having been entered pursuant to Rule 174, Texas Rules of Civil Procedure, it will be presumed for appeal purposes that the Court intended to, and did, dispose of all parties legally before it and of all issues made by the pleadings between such parties." (Emphasis ours)

This court in Gregory v. Texas National Guard Armory Board, 490 S.W.2d 608 (Tex.Civ.App.—Eastland 1973, writ ref. n. r. e.), distinguished the Pan American and the North East Independent School District cases in a summary judgment case.

In Pan American Petroleum Corporation v. Texas Pacific Coal & Oil Company, 159 Tex. 550, 324 S.W.2d 200 (1959), the court said:

". . . In our opinion a summary judgment which does not dispose of all parties and issues in the pending suit is interlocutory and not appealable unless a severance of that phase of the case is ordered by the trial court. Gallaher v.

City Transp. Co., Tex.Civ.App., 262 S. W.2d 807 (wr. ref.); Myers v. Smitherman, Tex.Civ.App., 279 S.W.2d 173 (no writ). In the absence of an order of severance, a party against whom such an interlocutory summary judgment has been rendered will have his right of appeal when and not before the same is merged in a final judgment disposing of the whole case."

Because all the issues were not disposed of and no order of severance appears in the record, we are compelled to hold that such judgment is interlocutory and not appealable. The appeal is dismissed because we do not have jurisdiction.