Mason R. **DIXON** et ux., Appellants,

v.

Donna **SHIRLEY**, Individually and d/b/a Donna Shirley Realty, Inc., et al., Appellees.

No. 1013.

Court of Civil Appeals of Texas, Corpus Christi.

Dec. 9, 1975.

Rehearing Denied Dec. 31, 1975.

Richard J. Hatch, Mahoney, Shaffer, Hatch & Layton, Corpus Christi, for appellants.

John A. Waller, Lev Hunt, Kleberg, Mobley, Lockett & Weil, Corpus Christi, Stonewall Van Wie, III, Corpus Christi, for appellees.

## OPINION

YOUNG, Justice.

Mason R. Dixon and his wife Mildred J. Dixon filed suit against Donna Shirley, individually and d/b/a Donna Shirley Realty Company, Glenn L. Morgan, Willard A. Cobb and his wife Hurene Cobb, and U. S. Life Title Company for misrepresentations and negligence of the several defendants in the sale of realty. A motion for summary judgment was filed by Shirley, both Cobbs, and the title company, but not by Morgan. Nor was there an order of severance entered regarding Morgan. The trial court entered summary judgment, however, for each and all of the defendants.

Glenn L. Morgan is a real estate agent for the defendant Donna Shirley Realty Company. These two defendants were represented by one counsel. A motion for summary judgment was filed on behalf of Donna Shirley, individually and d/b/a Donna Shirley Realty Company, but Morgan was not named therein, nor was a separate motion for summary judgment filed on behalf of Morgan.

Summary judgment may not be rendered on behalf of a party that has not

filed a motion for summary judgment. *Thedford v. County of Jackson,* 502 S.W.2d 899 (Tex.Civ.App.—Corpus Christi 1973, writ ref'd n.r.e.); *Danner v. McMahan,* 490 S.W.2d 213 (Tex.Civ.App.—Amarillo 1973, writ ref'd n.r.e.); *Gregory v. Texas National Guard Armory Board,* 490 S.W.2d 608 (Tex.Civ.App.—Eastland 1973, writ ref'd n.r.e.). When a summary judgment does not dispose of all the parties and a severance is not ordered, the judgment is interlocutory and not appealable. *Steeple Oil and Gas Corporation v. Amend,* 394 S.W.2d 789 (Tex.Sup.1965); *Westbrook v. City of Edna,* 501 S.W.2d 437 (Tex.Civ.App.—Corpus Christi 1973, writ ref'd n.r.e.); *Gregory v. Texas National Guard Armory Board,* supra.

Appellees contend that although Morgan did not actually file a motion for summary judgment, the evidence that would entitle him to summary judgment is identical to that evidence offered by Donna Shirley. Dixon failed to point out to the court that a summary judgment motion had not been filed by Morgan and also failed to object to the entry of a summary judgment for Morgan. The appellees argue that the matter, therefore, has been tried by consent. It is further urged that the rendition of summary judgment for Morgan at the most constitutes harmless error and to disturb the judgment now would be an exercise in futility.

We cannot agree. The summary judgment as to Morgan is of no effect. The judgment therefore fails to dispose of all of the parties and is interlocutory and not appealable.

Appeal dismissed.