**Doil TREADWAY, Appellant,**

v.

**Nancy TREADWAY, Appellee.**

No. 8633.

Court of Civil Appeals of Texas, Texarkana.

Dec. 19, 1978.

Rehearing Denied Jan. 30, 1979.

**122**

Harry B. Friedman, Harkness, Friedman, Kusin & Hooper, Texarkana, for appellant.

M. Mark Lesher, Lesher & Franks, Texarkana, for appellee.

CORNELIUS, Chief Justice.

Doil Treadway appeals from the property division portions of a divorce decree rendered by the District Court of Bowie County on February 28, 1978.

Among other provisions, the decree contained the following:

"Additionally, IT IS DECREED that the following property is community property, that a RECEIVER shall be appointed either by agreement of counsel or by the Court to take control of the following community property and that after a RECEIVER is appointed the following community property shall be sold at a public sale and the proceeds shall be deposited in the Registry of the Court for further ORDERS of the Court:

A. ONE HUNDRED THIRTY–EIGHT AND ONE–HALF (138½) acres of land in the Peters Edwards Survey located in Cass County, Texas as set out in Respondent's Amended Inventory and Appraisement and Petitioner's Inventory and Appraisement;

B. All bulls, cows, heifers, calves, mules, and goats currently in the possession of the Respondent;

C. One (1) cattle trailer in possession of the Respondent."

A receiver was appointed on March 1, 1978, but as far as the record reflects no sale has been made or reported.

■ Except in certain cases governed by special statutes, this Court has no jurisdiction to entertain appeals from interlocutory judgments, but only from those which are final. To be considered a final judgment on the merits for appeal purposes, a judgment must settle all disputed material issues between the parties which require the exercise of judicial discretion. 4 McDonald's, Texas Civil Practice, Sec. 17.03.1, p. 35. If that is done the judgment will not be considered interlocutory even if ancillary matters remain to be done, provided that such matters are purely ministerial. *International Security Life Insurance Co. v. Spray*, 468 S.W.2d 347 (Tex.1971); 4 McDonald's, Texas Civil Practice, Sec. 17.03.3, p. 42. But if the court reserves for a future time the settlement of some of the parties' rights, not based upon a change of conditions, the judgment is not final. Compare: *Gani v. Gani*, 495 S.W.2d 576 (Tex.1973).

■ It is clear that the judgment in question here is interlocutory. It provides for a future sale of a substantial portion of the parties' community property and for the proceeds of such sale to be deposited in the registry of the court for further orders of the court. Had the court awarded or divided the sale proceeds, whatever they may be, to or between the parties, the enforcement of the judgment would have been a purely ministerial act and the judgment's finality would not have been affected. But that was not done. The parties' rights to the sale proceeds have not been settled or adjudicated, but the judgment of the court on that issue is reserved to a future date. In that situation, the judgment is not final for appeal purposes.

■ Although the judgment is interlocutory, we note that it is erroneous in at least one respect, in that it purports to divest the title to community property from both of

the spouses who own it and vest the fee title thereto in the children of the parties, a procedure which is not permitted in a proceeding between only the spouses and involving only divorce, child custody and partition of the community estate. See *Williams v. Williams*, Okl., 428 P.2d 218 (1967); *Feldmann v. Feldmann*, 166 Kan. 699, 204 P.2d 742 (1949); *Johnson v. Johnson*, 284 Minn. 181, 169 N.W.2d 595 (1969); 27B C.J.S. Divorce § 293, p. 272. Before the judgment is made final, the district court will no doubt want to correct that error, as well as other errors which may be contained in the judgment.

The appeal is dismissed.