Benjamin F. Corn, Stephens, Corn & Rosenstein, Tyler, for appellant.

Frank McClendon, III, Hathaway & Jackson, Tyler, for appellees.

**Curley MAHAN, Appellant,**

v.

**Calvin BOST et al., Appellees.**

**No. 1273.**

Court of Civil Appeals of Texas, Tyler.

Feb. 1, 1979.

PER CURIAM.

Appellee, First Federal Savings and Loan Association of Coffeyville, Kansas, has filed its motion to dismiss this appeal for want of jurisdiction and asserts that the order complained of is interlocutory and not appealable.

Appellee is one of eleven defendants, however, the summary judgment was granted only as to appellee. It is settled law that, with certain exceptions not applicable here, an appeal may be prosecuted only from a final judgment. *North East Independent School District v. Aldridge,* 400 S.W.2d 893 (Tex.1966); *Stalco, Inc. v. Zero Refrigerated Lines, Inc.,* 390 S.W.2d 476 (Tex.Civ.App.—San Antonio 1965, writ ref'd); 4 McDonald, Texas Civil Practice, Judgments, sec. 17.03.2. However, this summary judgment order is interlocutory and not a final judgment.

No order of severance has been entered to sever First Federal Savings and Loan, and therefore the summary judgment which is interlocutory is not appealable. *Travelers Insurance Co. v. Appell,* 471 S.W.2d 886 (Tex.Civ.App.—San Antonio 1971, writ ref'd n. r. e.).

The order granting summary judgment as to appellee is not a final judgment

**542**

within the meaning of art. 2249, Tex.Rev. Civ.Stat.Ann. (1971), nor is it an interlocutory order appealable within the meaning of art. 2250, Tex.Rev.Civ.Stat.Ann. (1971), nor has it been severed, nor is it otherwise appealable in accordance with any rule or statute of the State of Texas.

Therefore the Court of Civil Appeals does not have jurisdiction to hear and determine the appellant Curley Mahan's appeal because the trial court's judgment is interlocutory and has not disposed of all issues against the remaining ten defendants. Future action will be necessary by the trial court in order to settle and determine the entire controversy.

Appellee's motion is granted for the reasons stated above.

Appeal dismissed.