**Jeff FARRIS, Jr., Appellant,**

v.

**Maudine RAYNOR et al., Appellees.**

**No. 6072.**

Court of Civil Appeals of Texas, Waco.

Oct. 11, 1979.

W. R. Malone, Huntsville, for appellant.

Richard Morrison, Krist, Gunn, Weller, Neumann & Morrison, Houston, Don Martinson, Fanning, Harper, Wilson, Martinson & Fanning, Dallas, W. T. Bennett, Bennett & Keeling, Huntsville, for appellees.

HALL, Justice.

This case began as a trespass to try title action brought by Mrs. Evie Wooten against appellant Jeff Farris, Jr., and against Houston Oil And Minerals, Inc., for title to and possession of 100 acres of land situated in Madison County, Texas. Wooten based her suit upon a deed from Lytt Farris and wife, May Farris, dated April 23, 1939. Farris answered the suit, and he also countered with a trespass to try title action against Wooten for recovery of the 100 acres based upon claims of both superior record title and limitations title.

Additionally, Farris filed a third-party complaint against Blanche Dillon, Maudine Raynor, John Gary Raynor, Finis Larrison, Hugh Dillon, Patricia Loe, and Carolyn Ann Raynor Arthur in which he alleged *inter alia* that in July, 1940 he and Blanche Dillon and Maudine Raynor were parties to an agreed judgment in a partition suit in the 12th Judicial District Court of Madison County, Texas, in which the community estate of their father, Lytt Farris, who had died intestate, was divided among them; that the 100 acres sued for by Wooten were part of the property awarded to him in the agreed partition judgment; that thereafter Maudine Raynor and Blanche Dillon conveyed portions of the lands received by them in the partition suit to third-party defendants John Gary Raynor, Hugh Dillon, Patricia Loe, and Carolyn Ann Raynor Arthur by gift deeds; and that in the event Wooten should recover the 100 acres in her action against him, then he was entitled to cancellation of the gift deeds and to a re-partition with the third-party defendants of all of the properties involved in the original partition suit except the 100 acres.

Appellees Maudine Raynor, John Gary Raynor, Patricia Loe, and Carolyn Ann Raynor Arthur answered Farris's suit with general denials and affirmative pleas of estoppel and the four-year statute of limitation (Article 5529, Vernon's Tex.Civ.St.). Eventually, those four parties filed motions for summary judgment on Farris's third-party action, the motions were granted, and summary judgment was rendered that Farris take nothing against them. This appeal by Farris is from that judgment.

Farris's third-party claim against appellees has not been severed from the remainder of the case, and a final judgment disposing of the whole case has not been rendered. In *Pan American Petroleum Corporation v. Texas Pacific Coal & Oil Company*, 159 Tex. 550, 324 S.W.2d 200 (1959), the court held that a summary judgment which does not dispose of all parties and issues in the pending suit is interlocutory and not appealable unless a severance of that phase

of the case is ordered by the trial court, and that without the severance "a party against whom such an interlocutory summary judgment has been rendered will have his right of appeal when and not before the same is merged in a final judgment disposing of the whole case." The judgment before us falls squarely within that rule, and we are without jurisdiction to review it.

Farris recognizes the rule in *Pan American*, but he argues against its application, here, theorizing under reasoning which we need not detail that the summary judgment disposed of the remaining issues in the case by implication, including Mrs. Wooten's suit against him, and that it is a final and appealable judgment. We reject that argument. Under the record, Wooten is not interested in Farris's third-party claims. She was not a party to the summary judgment proceedings between Farris and appellees, and her cause of action was not legally before the court for the purposes of that judgment.

The appeal is dismissed.