**In the Matter of the MARRIAGE OF Maxine JOHNSON and Arnold Johnson.**

**No. 9082.**

Court of Civil Appeals of Texas, Amarillo.

Feb. 29, 1980.

Rehearing Denied March 26, 1980.

Lemon, Close, Atkinson, Shearer & McCutcheon, Robert D. Lemon, John S. Irwin, Perryton, for Arnold Johnson.

Spillman & Spillman, Bill Spillman, Wellington, for Maxine Johnson.

COUNTISS, Justice.

This appeal from a judgment granting a divorce, restoring the wife's former name and finding that the parties were domiciled in Texas during the entire nine years of their marriage presents a threshold question concerning the jurisdiction of this court. Because the judgment does not dispose of all of the issues in the case, it is interlocutory. We must, therefore, dismiss the appeal for want of jurisdiction.

Maxine Johnson, appellee, and Arnold Johnson, appellant, were married in Canadian, Texas in 1970. Thereafter, due to Arnold's severe emphysema, the Johnsons were forced to seek a cooler climate in the summer months and a warmer climate during the winter months. They sold their home in Canadian, Texas on May 5, 1973. The parties then lived in Minnesota from May to September and in Arizona during the winter, from 1973 to 1977. In February, 1977, they returned to Canadian, Texas and lived there until they were divorced.

Maxine filed for divorce, alleging the requisite domiciliary requirements and grounds for divorce and requesting the court to divide the community property of the parties. Arnold's answer denied Maxine's allegations and alleged the parties were domiciled in Texas from November 16, 1970 to May 7,

1973, in Minnesota from May 7, 1973 to October 20, 1973, in Arizona from October 20, 1973 to February 8, 1977 and in Texas from February 8, 1977 to the time of divorce.

The trial court, in its decree of divorce, declared the parties divorced effective January 12, 1979, restored Maxine's former name and found that the parties remained domiciled in Texas throughout their marriage. The trial court also granted a motion for severance by Arnold and declared the divorce decree to be a final judgment with respect to the granting of the divorce and the determination of domicile. In its decree, the trial court stated the severance was granted because the domicile of the parties "will materially affect the nature and quantity of the community estate of the parties. . . ." The unadjudicated portion of the case was then filed and docketed under a new case number. Maxine did not object to the severance and does not raise the issue in this court. All counsel freely admit the severance was granted in order to permit Arnold to test the trial court's finding of domicile in the appellate courts before the property is divided.[1]

Arnold attacks, by seven points of error, the trial court's finding in the divorce judgment that the parties remained domiciliaries of Texas throughout their marriage. Because we have concluded the judgment before us is interlocutory, we do not reach Arnold's points of error.

■ Parties are not entitled to enter this forum and obtain relief, regardless of their individual or collective wishes, if we do not have jurisdiction of the case. Jurisdiction is fundamental and cannot be ignored by this court or waived by the parties. See Lamka v. Townes, 465 S.W.2d 386 (Tex.Civ.App.—Amarillo 1971, writ ref'd n. r. e.). Excluding certain statutory exceptions not pertinent here, our jurisdiction must be predicated upon a final judgment from the trial court. McCormick v. Hines, 503 S.W.2d 333, 335 (Tex.Civ.App.—Amaril-

lo 1973, no writ). We determine whether a judgment is final by an examination of the entire record before us; thus, finality cannot be established simply by a recitation to that effect in the judgment. "To be considered a final judgment on the merits for appeal purposes, a judgment must settle all disputed material issues between the parties which require the exercise of judicial discretion." Treadway v. Treadway, 576 S.W.2d 121, 122 (Tex.Civ.App.—Texarkana 1978, no writ).

■ In divorce cases, a decree failing to dispose of the property of the parties is interlocutory and, thus, not appealable. Treadway v. Treadway, supra, at 122; Hottell v. Hottell, 454 S.W.2d 880, 881 (Tex.Civ.App.—San Antonio 1970, no writ). It is immaterial whether the trial court reserved the property issues for future determination or severed them and purported to enter a final judgment on other issues. The judgment remains interlocutory until disposition of all issues. Treadway v. Treadway, supra, at 122; Reed v. Williams, 545 S.W.2d 33, 34 (Tex.Civ.App.—San Antonio 1976, no writ).

The reason the judgment remains interlocutory is tersely stated by Justice Barrow, writing for the San Antonio Court of Civil Appeals while serving as its Chief Justice, in Reed v. Williams, supra, at 34:

Sec. 3.63 of the Texas Family Code provides in part that in a decree of divorce, the court shall order a division of the estate of the parties. It is well settled that this statutory provision is mandatory and when the jurisdiction of the divorce court is invoked by the pleadings of either spouse, the court must decree a division of the property. Hailey v. Hailey, 160 Tex. 372, 331 S.W.2d 299 (1960); Ex parte Scott, 133 Tex. 1, 123 S.W.2d 306 (1939); Blancas v. Blancas, 495 S.W.2d 597 (Tex.Civ.App.—Texarkana 1973, no writ). It has been specifically held that this statutory provision prohib-

1. Arnold alleges he entered the marriage with a substantial separate estate. His net worth has apparently increased during the marriage, but he contends most of the increase occurred while the parties were domiciled outside Texas.

its the trial court from severing the property division from the divorce action. *Angerstein v. Angerstein,* 389 S.W.2d 519 (Tex.Civ.App.—Corpus Christi 1965, no writ); *Pelham v. Sanders,* 290 S.W.2d 684 (Tex.Civ.App.—Texarkana 1956, no writ).

■ In this case, the judgment severs the property issues and recites the finality of the divorce and the finding of domicile. Because a division of the property is mandatory and severance of that issue from the remaining divorce issues is prohibited, the judgment is interlocutory. *Reed v. Williams, supra,* at 34. We do not have jurisdiction to review it.[2]

■ This court allowed the parties to file supplemental briefs on the jurisdictional question. In his brief, Arnold contends that "if [Maxine] had objected to the severance in the trial court and appealed from the severance, this Court might well have reversed and remanded the Order of Severance." He argues, however, that the failure of Maxine to object to the severance waives the error and finalizes the judgment before us. There is support for this general proposition in *Pierce v. Reynolds,* 160 Tex. 198, 329 S.W.2d 76, 78 (1959), the principle authority relied on by Arnold. In *Pierce,* the Supreme Court stated the defendant was not in a position to complain of an erroneous severance where he failed to object to it. Emphasizing that appealability should not turn upon the severability of the action, the Court explains that the severance is not void simply because it divides an entire cause of action into two parts. The Court held that a judgment fully adjudicating a severed cause is appealable even though the entire controversy is not determined by the judgment. *Id.,* 329 S.W.2d at 78–79. The Supreme Court, however, recognized the limitations of the holding when it stated, "[t]he court here had jurisdiction of the subject matter and the parties, and *its order does not violate any prohibition or mandatory provision of our constitution, statutes or rules." Id.,* 329 S.W.2d at 78 (emphasis added).[3]

As stated above, section 3.63 of the Texas Family Code is a mandatory directive to the trial court, and severance in violation of that statute is prohibited. Thus, the case comes within the exception and not the rule of *Pierce v. Reynolds, supra,* because severance of the divorce case without adjudicating the parties' property rights violated the mandatory provision of section 3.63 of the Texas Family Code. The order granting the severance was, therefore, in violation of a mandatory directive, and the judgment before us remains interlocutory.

Arnold also relies on *Pan American Petroleum Corporation v. Texas Pacific Coal & Oil Company,* 159 Tex. 550, 324 S.W.2d 200 (1959); *Kansas University Endowment Ass'n v. King,* 162 Tex. 599, 350 S.W.2d 11 (1961); and *Hall v. City of Austin,* 450 S.W.2d 836 (Tex.1970) to support his contentions. These cases discuss various refinements and peculiarities of severance and separate trial under rule 174 of the Texas Rules of Civil Procedure, but they do not reach the issue presented to this court.

■ The reason for the prohibition against severances in divorce cases is graphically illustrated by the facts *sub judice.* The judgment for divorce and name change is unrelated to the challenged domiciliary finding;[4] instead, the domiciliary finding is related to the undetermined property division. Assuming, arguendo, that we have jurisdiction of and are in complete agree-

---

2. As pointed out in *Angerstein v. Angerstein,* 389 S.W.2d 519, 521 (Tex.Civ.App.—Corpus Christi 1965, no writ), it is permissible for the trial court to order a separate trial of the property questions, under rule 174 of the Texas Rules of Civil Procedure, but final disposition of all issues in the case must be encompassed within one final judgment.

3. The Supreme Court also noted that "[s]everance of a single cause of action into two parts is never proper and should not be granted for the purpose of enabling the litigants to obtain an early appellate ruling on the trial court's determination of one phase of the case." *Pierce v. Reynolds,* 160 Tex. 198, 329 S.W.2d 76, 79 (1959).

4. Arnold does not question the ninety day and six month residency requirements for divorce actions under section 3.21 of the Texas Family Code.

ment with Arnold's points of error challenging the domiciliary finding, he has failed to show the immaterial domiciliary finding was reasonably calculated to and probably did cause the rendition of an erroneous judgment granting the divorce and name change.[5] Moreover, neither Arnold nor this court can ascertain any probable harm from the domiciliary finding until the trial court divides the marital property.

It is hereby ordered that this appeal be dismissed for want of jurisdiction.

---

5. Procedurally, under the present judgment, we would be required to affirm the judgment instead of dismissing the appeal, if we could reach Arnold's points of error. The trial court should not, however, consider our statements as an indication of our opinion on the domiciliary finding.