6-96-028-CV Long Trusts v. Dowd 


















In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00163-CV
______________________________



IN RE: TRUMAN W. SMITH CHILDREN'S CARE CENTER, L.L.C., 
D/B/A TRUMAN W. SMITH CHILDREN'S CARE CENTER, ET AL.





                                                                                                                                                             

Original Mandamus Proceeding





                                                                                                                                                             
                          


Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Chief Justice Morriss



O P I N I O N

            Truman W. Smith Children's Care Center, L.L.C., d/b/a Truman W. Smith Children's Care
Center, et al., Relator, has provided this Court with documentation reflecting that the parties have
entered a formal settlement agreement which disposes of all of plaintiffs' claims against it.
            Accordingly, we dismiss the petition for writ of mandamus as moot.
 
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          January 7, 2004
Date Decided:             January 8, 2004



ns plenary power to grant a new trial or to vacate,
modify, correct, or reform a judgment within thirty days after the judgment is signed. Tex. R. Civ.
P. 329b(d); First Alief Bank v. White, 682 S.W.2d 251, 252 (Tex. 1984). After the expiration of
those thirty days, the trial court has no authority to set aside a judgment except by bill of review as
provided by law. Tex. R. Civ. P. 329b(d); Thursby v. Stovall, 647 S.W.2d 953, 954 (Tex. 1983).

 The trial court lost its plenary power to vacate the judgment August 11, 2002. The trial court
therefore had no jurisdiction to enter the November 15, 2002, order granting a new trial some 126
days after the signing of the first judgment. State ex. rel. Latty v. Owens, 907 S.W.2d 484, 486 (Tex.
1995). Judicial action taken after the court's jurisdiction over a cause has expired is a nullity. Id.

 Even if both parties agreed that a different date actually existed, we are constrained by the
rules to determine our jurisdiction by reference to the date on which the judgment was signed--a
party cannot confer or waive jurisdiction by consent or agreement. Stine v. State, 908 S.W.2d 429
(Tex. 1995). Appellate jurisdiction cannot be created by consent, stipulation of the parties, or
waiver, either by the court or by litigants. Welder v. Fritz, 750 S.W.2d 930 (Tex. App.--Corpus
Christi 1988, no writ). Jurisdiction is fundamental and cannot be ignored by this Court or waived
by the parties. In re Marriage of Johnson, 595 S.W.2d 900, 902 (Tex. App.--Amarillo 1980, writ
dism'd w.o.j.). Further, lack of appellate jurisdiction is fundamental error, which can be raised by
the court sua sponte. New York Underwriters Ins. Co. v. Sanchez, 799 S.W.2d 677, 679 (Tex. 1990). 

 We have no option in this case but to recognize the state of the record before us and to act
accordingly.

 The appeal is dismissed for want of jurisdiction.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: December 18, 2006

Date Decided: December 19, 2006
1. An order nunc pro tunc, correcting only a true clerical error, may be granted by a trial court
at any time, even after it has lost jurisdiction over the case. America's Favorite Chicken v. Galven,
897 S.W.2d 874 (Tex. App.--San Antonio 1995, writ denied).