**STARK ROOFING COMPANY, INC., a Texas Corp., Appellant,**

v.

**WM. CAMERON & CO., WHOLESALE, a Division of Certain-Teed Products Corp., a Maryland Corp., Appellee.**

No. 5282.

Court of Civil Appeals of Texas, Waco.

Oct. 25, 1973.

Hooper & Robinson, Karl Moeller, Austin, for appellant.

Sleeper, Williams, Johnston, Helm & Estes, Peeler Williams, III, Waco, for appellee.

HALL, Justice.

The defendant appeals from a summary judgment awarding the plaintiff $3,222.96 in this suit on a sworn open account. The award includes approximately $1,100 interest on the account which allegedly accrued while the account was past due. It also includes $800 for attorney's fees allowed under the provisions of Article 2226, Vernon's Ann. Texas Civil Statutes.[1] We reverse and remand.

Defendant answered plaintiff's suit with a sworn pleading that the account is not just and true, and that all just and lawful

offsets have not been allowed on the account because it is tainted with usurious interest. Then, defendant alleged under oath that plaintiff's plea for attorney's fees should be denied because the account had not been presented to defendant for payment. By way of verified counterclaim, defendant pleaded, in effect, that it has paid plaintiff $2,664 in usurious interest on the account; and, invoking the provisions of Article 5069–1.06, Vernon's Texas Civil Statutes,[2] defendant sought recovery of twice that amount plus reasonable attorney's fees.

Among other grounds for reversal, defendant asserts error in the award of the interest and the attorney's fees.

◼ In summary judgment cases, the burden is on the movant to come forward with proper proof that there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law. Rule 166–A(c), Texas Rules Civil Procedure; Harrington v. Y.M.C.A. of Houston & Harris County (Tex.Sup., 1970) 452 S. W.2d 423, 425. Plaintiff's summary judgment proof shows that the recovered interest is based upon a rate of 12% per annum. The record fails to show that plaintiff, if entitled to recover interest, is legally due more than 10% per annum for interest on the account. Moreover, there is no showing that plaintiff presented the account to defendant for payment at least 30 days prior to the judgment and thereby met the required legal predicate for an award of attorney's fees under the provisions of Article 2226. Filing of suit is not a presentment of claim within the terms of

---

1. Art. 2226. Attorney's fees. Any . . . corporation . . . having a valid claim against a . . . corporation for . . . suits founded upon a sworn account or accounts, may present the same to such . . . corporation or to any duly authorized agent thereof; and if, at the expiration of 30 days thereafter, the claim has not been paid or satisfied, and [it] should finally obtain judgment for any amount thereof as presented for payment to such . . . corporation, [it] may,

if represented by an attorney, also recover, in addition to [its] claim and costs, a reasonable amount as attorney's fees.

2. Art. 5069–1.06. Penalties. (1) Any person who contracts for, charges or receives interest which is greater than [ten percent per annum, unless otherwise allowed by law] shall forfeit to the obligor twice the amount of interest contracted for, charged or received, and reasonable attorney's fees fixed by the court . . .

the statute. Huff v. Fidelity Union Life Insurance Company, 158 Tex. 433, 312 S. W.2d 493, 500 (1958).

■ Plaintiff would have us affirm the judgment on the ground that defendant's answer is not sufficient within the requirements of Rule 185, Texas Rules Civil Procedure, to place the account and the plea for attorney's fees in issue. Without detailing them, we hold that defendant's pleadings are adequate. Moreover, when the summary judgment record discloses facts which show that an amendment to the pleadings of the opposing party will render the position of the moving party insupportable under the substantive law, it cannot be said that the latter has established his right to judgment as a matter of law, and summary judgment is improper. Womack v. Allstate Insurance Company, 156 Tex. 467, 296 S.W.2d 233, 237 (1957); Insurance Company of North America v. Cash (Tex.Sup. 1972) 475 S.W.2d 912, 913.

Other reasons urged by plaintiff for affirming the judgment have been carefully considered and found to be without merit.

■ Defendant would have us hold that the judgment, which appears in every necessary respect to be a final one, is interlocutory because it makes no specific mention of his counterclaim. If the judgment is interlocutory, we are without power to review it and must dismiss the appeal. Steeple Oil and Gas Corporation v. Amend (Tex.Sup., 1965) 394 S.W.2d 789, 790. However, we are convinced that the judgment is final and appealable.

In North East Independent School District v. Aldridge (Tex.Sup., 1966) 400 S. W.2d 893, 897–898, it was held that a summary judgment for the plaintiff against the defendant effectively disposed of the defendant's cross-claim for indemnity against an impleaded third-party defendant "in the absence of a contrary showing in the record" and was a final and appealable judgment, though there was no mention in the judgment of the third-party defendant

and no specific disposition was made therein of the cross-claim. The Court set forth the following rule:

"When a judgment, not intrinsically interlocutory in character, is rendered and entered in a case regularly set for conventional trial on the merits, no order for a separate trial of issues having been entered pursuant to Rule 174, Texas Rules of Civil Procedure, it will be presumed for appeal purposes that the Court intended to, and did, dispose of all parties legally before it and of all issues made by the pleadings between such parties. A claim duly severed under Rule 41 is a 'case' within the meaning of the foregoing rule. The rule . . . will apply to separate claims of the plaintiff, cross-actions and counterclaims by defendants against the plaintiff, cross-actions by defendants against other defendants and cross-actions by defendants against third-party defendants. Of course, the problem can be eliminated entirely by a careful drafting of judgments to conform to the pleadings or by inclusion in judgments of a simple statement that all relief not expressly granted is denied."

The court stated the following exception to the foregoing rule:

"It will not be presumed that a judgment dismissing a plaintiff's suit on nonsuit, plea to the jurisdiction, plea in abatement, for want of prosecution, etc., also disposed of the issues in an independent cross-action."

The judgment before us is not "intrinsically interlocutory" and it does not fall within the exception to the rule quoted above. Presumably, the trial court intended by it to resolve all issues between the parties.

No useful purpose would be served by a discussion of defendant's other assignments of error.

The judgment is reversed. The case is remanded for trial.