**A. J. STOCKTON et ux., Appellants,**

**v.**

**J. R. SUMMERS et al., Appellees.**

**No. 901.**

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Jan. 9, 1974.

Rehearing Denied Jan. 30, 1974.

David J. Nagle, Houston, for appellants.

James R. Roos, Painter & Painter, Houston, for appellees.

COULSON, Justice.

This is a guest statute case.

A motion for summary judgment was granted against appellants A. J. Stockton and wife, Ruthie, plaintiffs below, in their suit for personal injuries against appellee O. W. Thornton.

The initial question presented is whether the appeal bond was timely filed so as to give this Court jurisdiction, which question turns upon the date this summary judgment became final and appealable. The second question is whether the guest statute precluded appellants' claim as a matter of law under the evidence presented on motion for summary judgment.

■ Appellants were allegedly injured in a collision between the automobile in which they were riding, driven by appellee, and a vehicle driven by J. R. Summers. Appellants sued both appellee and Summers in Brazoria County, where the accident occurred. Summers filed a cross-action against appellee for personal injuries. Appellee's plea of privilege to be sued in the county of his residence was sustained, and the case was transferred to Harris County. Appellee then filed a cross-action against appellants asserting that, if appellee was found to be the agent of appellants as they alleged, then appellants would be liable for contribution or indemnity on Summers' claim against appellee. Thereafter, appellants' motion to sever their action against Summers was denied. The trial court on December 7, 1970, granted appellee's motion for summary judgment on the basis of the guest statute. On October 26, 1972, the appellants nonsuited Summers. On May 21, 1973, appellee nonsuited appellants on the plea for contribution or indemnity. Judgment was entered on a jury verdict for Summers against appellee on May 25, 1973. Appellants filed their appeal bond on June 22, 1973—eight months after their nonsuit of Summers, 32 days after appellee nonsuited them on his plea for contribution, but 28 days after rendition of judgment for Summers.

Appellee urges that the jurisdictional requirement of Rule 356, Texas Rules of Civil Procedure, calling for the filing of an appeal bond within thirty days from the rendition of judgment or order overruling the motion for new trial, was violated, because the order granting his motion for summary judgment completely disposed of appellants' interest in this suit. Appellee's plea for contribution from appellants is said to have been rendered moot, because that claim was premised on a finding that appellee was the agent of appellants. Appellee contends alternatively that his nonsuit on the plea of contribution disposed of appellants' interest in this suit and made the summary judgment final at that date.

This Court has jurisdiction of this case, because the summary judgment did not become final and appealable until Summers' judgment against appellee was entered under the rule of Pan American Petroleum Corporation v. Texas Pacific Coal & Oil Company, 159 Tex. 550, 324 S.W.2d 200 (1959). In that case the Court held that a summary judgment which did not dispose of all the issues and parties in a suit was interlocutory and not appealable unless a severance of that phase of the case had been ordered. The Court reasoned that the uncertainty and confusion would be too great if any other rule was adopted to determine the finality of a judgment by the criteria of whether the action was severable as to issues or parties. Appellee argues that the consistently followed rule of Pan American Petroleum was changed by North East Independent School District v. Aldridge, 400 S.W.2d 893 (Tex.Sup.1966). However, the latter case states a test for determining when a judgment "not intrinsically interlocutory" may be presumed to have disposed of parties or issues not explicitly mentioned. The North East Independent School District case is inapplicable, because the summary judgment in the case at bar did not dispose of all the parties and claims pending before the court.

Appellants contend that the summary judgment was improperly granted, because

a material question of fact was raised concerning the applicability of the guest statute. They also contend that the guest statute is unconstitutional, but that question need not be addressed since we feel that the summary judgment must be reversed and the cause remanded.

The Texas "Guest Statute," Vernon's Tex.Rev.Civ.Stat.Ann. art. 6701b, sec. 1 (1969),[1] provides in part:

> "No person transported over the public highways of this State by the owner or operator of a motor vehicle as his guest without payment for such transportation, shall have a cause of action for damages against such owner or operator for injuries, death or loss, in case of accident . . . . ."

The Texas Supreme Court in Burt v. Lochausen, 151 Tex. 289, 249 S.W.2d 194, 198 (1952), approved the language of the court of civil appeals in that case stating that to remove a case from the guest statute "a definite relationship must be established and a definite tangible benefit to the operator shown to have been the motivating influence for furnishing the transportation." A benefit under the guest statute could not be "too uncertain, remote, and speculative." The guest statute was reinterpreted by the Supreme Court after the trial court ruled on the motion for summary judgment in the present case, to the extent that a party is a passenger if the payment to the driver is *a*, rather than *the*, motivating factor in furnishing the transportation. Fernandez v. Kiesling, 500 S.W.2d 459 (Tex.Sup.1973).

■ When appellee moved for summary judgment on the basis of the guest statute, he bore the negative burden of demonstrating that appellants' cause was barred as a matter of law and that no material questions of fact existed in the application of the statute. The summary judgment evidence consisted of the depositions of the parties as well as the transcript of the testimony from the plea of privilege hearing. This evidence shows that Mrs. Stockton was the sister of Mr. Thornton, and appellee testified that the journey in question was simply a Sunday afternoon pleasure ride. The appellants testified that the purpose of the trip was to investigate various pieces of property with the object of establishing a restaurant or bar. It was alleged that appellants were to provide the capital and Mr. Thornton was to manage the enterprise, with the profits to be divided equally. Appellee contends that such a benefit is "too uncertain, remote, and speculative" as a matter of law to take appellants out of the guest statute.

■ Under Rule 166-A, Tex.R.Civ.P., the trial court must accept as true all of the evidence of the opponent to the motion and ignore all conflicting evidence. Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929 (1952). Applying this principle to the summary judgment evidence here in light of the Fernandez case, a material fact question is raised as to whether the appellants were guests. When discussions take place between the parties to a prospective business transaction and the parties conduct an automobile trip in furtherance of the contemplated transaction, the benefit to the driver is not so remote and speculative that his passengers are guests. In Schafer v. Stevens, 352 S.W.2d 471 (Tex.Civ.App.—Dallas 1961, no writ), the driver of the car was a business promoter who had had discussions with his passenger concerning a contract during an evening which was otherwise simply a night of entertainment. The court held that the jury could have believed that the driver's motive during the entire evening was to obtain a contract

---

1. The statute was amended after this cause of action arose. Tex.Rev.Civ.Stat.Ann. art. 6701b, sec. 1 (Supp.1974). However, the revised statute would not dictate a different result under the facts of this case.

from which he would derive a commission. Appellee's reliance on Dietrich v. F. R. Young Company, 400 S.W.2d 572 (Tex. Civ.App.—Houston 1966, writ ref'd n. r. e.), is misplaced, for there the court said both that the trip was *"primarily* for social purposes" and that "[*t*]*he* motivating purpose was solely pleasure." *Id.* at 575 (emphasis added). In Dietrich the parties had engaged in a long series of business transactions but the evening was indeed primarily social. The quoted portions of the opinion were not inconsistent before the Fernandez decision, but now the benefit to a driver need not be the sole motivating factor in order to make the guest statute inapplicable.

Reversed and remanded.