Mayree FRANCIS et al., Appellants,

v.

Thelma TOVER, Indiv., et al., Appellees.

No. 16377.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Oct. 31, 1974.

Mills, Shirley, McMicken & Eckel, Alton C. Todd, Galveston, for appellants.

No brief filed for appellees.

EVANS, Justice.

This venue case involves Article 6701b, Vernon's Tex.Rev.Civ.Stat.Ann., the Texas Guest Statute, as applied to an accident occurring prior to September 1, 1973, the effective date of the Act's amendment. Article 6701b, Sec. 1, Tex.Rev.Civ.Stat. Ann. (1974 Supp.).

Charlie Tover was killed in an automobile collision in Panola County, Texas, while a passenger in an automobile driven by Leroy Taylor of Galveston County. Their automobile collided with one driven by Mayree Francis, a resident of Bowie County, Texas.

Thelma Tover, individually and as widow and sole survivor of Charlie Tover, deceased, brought this wrongful death action against Leroy Taylor and Mayree Francis in Galveston County. In her petition, Mrs. Tover alleged that her husband was not a guest of Taylor and that a definite relationship had existed between Taylor and her husband through which a tangible benefit was flowing to Taylor.

The trial court overruled the plea of privilege of Mayree Francis asserting her right to be sued in Bowie County and sustained venue in Galveston County under Subdivision 4, Article 1995, Tex.Rev.Civ. Stat.Ann.

In three points of error, Mayree Francis asserts that there is no evidence and insufficient evidence to sustain venue under Subdivision 4, and that the evidence established that Charlie Tover was a guest in

Taylor's automobile and appellee failed to plead or prove a bona fide cause of action against the resident defendant, Leroy Taylor.

◼ The evidence presented upon the venue hearing consisted entirely of depositions and other documents. We, therefore, are in the same position as the trial court with respect to determining the credibility of witnesses and the weight to be given their testimony. Lloyd's Cas. Insurer v. Shafer, 267 S.W.2d 588 (Tex.Civ.App.—Austin 1954, ref. n. r. e.). We must presume, however, that the trial court found every issuable fact proposition necessary to sustain its judgment to the extent such findings have support in the pleadings and evidence. McDonald, Texas Civil Practice, 1971 rev., Vol. 4, Sec. 16.10, pp. 28–30.

The accident occurred on Sunday afternoon, October 29, 1972 when Tover and Taylor were returning from Louisiana to their homes in Dickinson and Texas City. Tover's sister-in-law was Taylor's girl friend and through her they had met each other and had associated socially for a period of some eight or nine months prior to the trip in question.

Tover asked Taylor to drive him to Louisiana so that he, Tover, might attend his uncle's funeral. Taylor testified this was the main object of their trip. In past conversations they had talked about that part of the country and had discussed making a trip there sometime; however, they had never taken a trip together.

About Tuesday or Wednesday before the Sunday of the accident, Tover came by Taylor's house and said that his uncle had died and asked Taylor to go with him to Louisiana as he didn't want to drive by himself. Taylor said that he had friends in that area and also owned some property up there. Taylor said Tover had promised to help with expenses if he, Taylor, would go with him.

"A. And he said he wanted to go, and he didn't want to drive by hisself.

"Q. All right.

"A. So he stated he'd help me, you know, by expenses and stuff.

"Q. All right.

"A. And so I said, 'well, okay, I'd go up there with you.'"

It was toward the end of the month when Taylor was asked by Tover to go to Louisiana and Taylor did not feel he had enough money to make the trip. On Friday, Taylor was at his girl friend's house and Tover came over. Taylor was asked whether he was going to go on the trip and he replied, "No, I ain't got no money." Taylor said he had about $15.00 at the time. Another one of Tover's sisters-in-law then loaned Taylor about $50.00 and he then decided to go on the trip. Tover and Taylor left for Louisiana that same evening and arrived in Ruston, Louisiana the next morning, a Saturday. Along the way they made several stops for gasoline and snacks and these expenses were shared by them. Charlie Tover's wife had given them enough food for the trip and had given Tover $60.00 for expenses. However, she had no knowledge as to how the money was used. Taylor estimated that Tover had spent about $12.00 for "gas and oil and things like that." Arriving in Ruston, they visited with Tover's relatives, attended the funeral and spent the night with Tover's aunt. Taylor did not go to see the property he owned and said he did not have a chance to see any of his friends. After breakfast on Sunday morning they began their return trip to Texas, during which the collision occurred.

◼ The question for our determination is whether there is sufficient evidence to support the trial court's implied finding that Tover's agreement to pay a share of the expenses was "a motivating cause" for Taylor's furnishing the transportation. Fernandez v. Kiesling, 500 S.W.2d 459

(Tex.Sup.1973). Since Fernandez, the tangible benefit to the driver need not be the only motivating cause for his furnishing the transportation. It need be only "a motivating cause." Stockton v. Summers, 504 S.W.2d 637 (Tex.Civ.App.—Houston [14th] 1974, no writ); Pressley v. Holley, 507 S.W.2d 869 (Tex.Civ.App.—Fort Worth 1974, writ ref. n. r. e. ); General Motors Corp. v. Dabney, 510 S.W.2d 414 (Tex.Civ.App.—Waco 1974, no writ). The trial court could readily have concluded that Tover's agreement to help with expenses was a tangible benefit moving to Taylor and was "a motivating cause" for Taylor's decision to furnish the transportation. Burnett v. Howell, 294 S.W.2d 410 (Tex.Civ.App.—El Paso 1956, writ ref. n. r. e.). We find the evidence sufficient to support the trial court's conclusion.

Affirmed.