**INDEPENDENT AMERICAN CONSTRUCTION CO., INC., Appellant,**

v.

**GOLD STAR DISTRIBUTORS, INC., Appellee.**

No. 8388.

Court of Civil Appeals of Texas, Texarkana.

Aug. 10, 1976.

Rehearing Denied Aug. 31, 1976.

Robert M. Greenberg, Greenberg & Bach, Dallas, for appellant.

Gerald R. Coplin, Passman, Jones, Andrews, Coplin, Holley & Co., Dallas, for appellee.

CHADICK, Chief Justice.

This is an action for damages. The court below sustained a plea in bar and entered a take nothing judgment. Understanding the issues is complicated by the fact that the appeal is from a judgment in the second of two lawsuits between the same parties over claims arising out of the same transaction and some details of each suit must be examined. The judgment of the trial court is affirmed.

I.

Appellant, Independent American Construction Company, Inc., plaintiff in the court below, filed suit against appellee, Gold Star Distributors, Inc., defendant below, on February 18, 1975, to recover damages resulting from an alleged breach of a purchase order contract between the parties and breach of warranty contained in the order, together with punitive damages incurred as a result of alleged "willful, intentional, malicious and fraudulent deception practiced upon" the construction company by the distributor. This action is hereafter referred to as the 1975 suit.

II.

The first suit between the parties, filed in 1973, cast Gold Star Distributors, Inc. as plaintiff in the trial court and Independent American Construction Company, Inc. as defendant. This action was on sworn accounts to recover the unpaid balance

pleaded to be due on the sale of refrigerators. This sworn account action is hereafter referred to as the 1973 suit. Prior to judgment in the 1973 suit, the construction company filed a counter-claim therein for relief (substantially as claimed in the 1975 suit) based upon and arising out of the same refrigerator sales transaction that was the subject matter of the distributor's 1973 suit. The judgment entered in the 1973 suit recited that the construction company had not filed an answer in accordance with Tex.R.Civ.P. 93 or 185 and rendered judgment on the distributor's sworn account.

At the time of judgment in the 1973 suit, the trial court might have severed the trial amendment counter-claim for separate trial as an independent action under the provisions of Tex.R.Civ.P. 41 or under Tex.R. Civ.P. 174 might have entered an interlocutory order on the sworn account and set the counter-claim for separate trial then or later. *Kansas University Endowment Ass'n v. King*, 162 Tex. 599, 350 S.W.2d 11 (1961). The judgment entered, however, did not purport to do either; the judgment has the characteristics of a final disposition. In *North East Independent School District v. Aldridge*, 400 S.W.2d 893 (Tex.1966), it is said:

> "When a judgment, not intrinsically interlocutory in character, is rendered and entered in a case regularly set for a conventional trial on the merits, no order for a separate trial of issues having been entered pursuant to Rule 174, Texas Rules of Civil Procedure, it will be presumed for appeal purposes that the Court intended to, and did, dispose of all parties legally before it and of all issues made by the pleadings between such parties. A claim duly severed under Rule 41 is a 'case' within the meaning of the foregoing rule. The rule will be subject to the exception created by *Davis v. McCray Refrigerator Sales Corporation* [136 Tex. 296, 150 S.W.2d 377]; but it will apply to separate claims of the plaintiff, cross-actions and counterclaims by defendants against the plaintiff, cross-actions by defendants against other defendants and cross-actions by defendants against third-party defendants."

The judgment entered determined all issues made by the pleadings in the 1973 suit and dissatisfaction with the judgment should have been manifest by perfection of an appeal.

### III.

Under the circumstances shown by the record, the attempt to relitigate in the 1975 suit the issues tendered by the trial amendment in the 1973 suit was barred by the res judicata doctrine. *Ogletree v. Crates*, 363 S.W.2d 431 (Tex.1963); *Abbott Laboratories v. Gravis*, 470 S.W.2d 639 (Tex.1971) and *Griffin v. Holiday Inns of America*, 496 S.W.2d 535 (Tex.1973).

### IV.

All of appellant's points of error have been considered and are respectfully overruled. Finding no reversible error, it becomes the duty of this Court to affirm the judgment of the trial court.

IT IS SO ORDERED.