**HIBBARD OFFICE WORLD, INC.,
et al., Appellants,**

v.

**F. JAY, a corporation, Appellee.**

**No. 1226.**

Court of Civil Appeals of Texas,
Tyler.

March 22, 1979.

John S. Walker, Center, for appellants.

Thomas R. McLeroy, Jr., McLeroy & McLeroy, T. Randy McLeroy, Center, for appellee.

McKAY, Justice.

This is a suit on a sworn account. F. Jay, A Corporation, an Illinois corporation, and appellee here, sued Hibbard Office World, Inc., and L. D. Hibbard, Sr., individually, appellants, alleging that it had, at appellants' request, sold to them on July 7, 1976, cash registers of a reasonable value of $15,506.50. In payment, the corporate appellant executed its promissory note for that amount plus $1,395.42 as finance charges, totaling $16,901.92, payable in 78 weekly installments of $216.69 each. Appellee claimed a security interest in the goods sold

and that there was a balance due of $11,293.98. It was further alleged that appellee thereafter sold additional cash registers and parts to appellants of a reasonable value, after adjustments for offsets, of $629.47. Appellee further alleged the execution by the individual appellant of an unconditional guaranty of the full payment, to the extent of $16,901.92, of all obligations of the corporate appellant to appellee. The foregoing accounts were alleged to be due and payable, demand for payment was alleged to have been made upon appellants, and appellants were alleged to have failed and refused to pay the same. Appellee further averred that the written agreements involved provided for recovery of attorney's fees and alleged the same in the amount of $4,000.00. The petition was duly verified.

The petition was filed on September 20, 1977, and appellants' original answer on October 3, 1977. Appellee served upon each appellant a request for admissions on or about November 7, 1977, demanding the admission or denial of matters enumerated therein within eleven days after service thereof. On December 12, 1977, appellee filed its motion for summary judgment on the grounds that appellants had failed to reply to the requests for admissions, and that there was no genuine issue as to any material fact. Thereafter, on December 15, 1977, appellants filed their response to the requests for admissions.

Appellants, on December 21, 1977, filed their first amended answer, stating, "Each and every item in the account made the basis of this suit is wholly not just or true." Appellants alleged that appellee was not entitled to maintain this action because appellee had no certificate of authority and was not registered as a foreign corporation to do business in this state. It was further alleged that the interest charge was usurious, that appellee could accelerate only the payments presently due and not the entire amount of the note, and that the alleged contract violated state and federal truth-in-lending and full disclosure statutes. Appellants then alleged, as a purported counterclaim, that the original transaction was

based upon fraudulent representations by appellee, in that the goods sold were obsolete, resulting in "an unloading of inferior quality machines on [appellants]," and damages to appellants in the amount of $15,000.00. Further, appellants purported to state a cause of action under the provisions of the Deceptive Trade Practices and Consumer Protection Act, Tex.Bus. & Comm. Code sec. 17.41 et seq. Appellee specially excepted to appellants' answer in several particulars and moved to have its requests for admissions deemed admitted.

Following a hearing on January 6, 1978, on appellee's motion for summary judgment, the court below granted the same and entered summary judgment for appellee for $11,923.45 plus costs of suit and interest thereon; for interest on the sum of $11,293.98 from January 27, 1978, until the date of the judgment (June 2, 1978); and for foreclosure of appellee's security interest in the goods still in appellants' possession. The summary judgment did not mention appellants' counterclaim. In a separate order of even date with the judgment, the court granted appellee's Motion to Deem Requests for Admissions Admitted, and ordered that all the matters in the requests for admissions be deemed admitted by both appellants. Appellants predicate their appeal on five points of error, all concerned with the merits of the trial court's action in granting appellee's motion for summary judgment.

■ It is well settled that a summary judgment which does not dispose of all parties and all issues in a pending suit is interlocutory and not appealable unless a severance of that phase of the case is ordered by the trial court. In the absence of such an order for severance, a party against whom such an interlocutory summary judgment has been rendered will have his right of appeal when, but not before, the same is merged in a final judgment disposing of the whole case. *Pan American Petroleum Corp. v. Texas Pacific Coal & Oil Co.*, 159 Tex. 550, 324 S.W.2d 200 (1959); *Clabaugh v. City of Tyler*, 531 S.W.2d 152, 154–55 (Tex. Civ.App.-Tyler 1975, no writ). See also *Wil-*

*liams v. Southern Trust & Mortgage Co.*, 517 S.W.2d 453, 454 (Tex.Civ.App.-Eastland 1974, writ ref'd n.r.e.).

Appellant cites *Stark Roofing Co., Inc. v. Wm. Cameron & Co., Wholesale*, 500 S.W.2d 874 (Tex.Civ.App.-Waco 1973, no writ), and *Independent American Construction Co., Inc. v. Gold Star Distributors, Inc.*, 540 S.W.2d 586 (Tex.Civ.App.-Texarkana 1976, no writ), both of which rely upon *North East Independent School District v. Aldridge*, 400 S.W.2d 893 (Tex.1966). The latter case, however, stated the test for determining when a judgment "not intrinsically interlocutory in character" may be presumed to have disposed of parties or issues not expressly mentioned in the judgment. It is inapplicable in a case such as the instant one where the summary judgment does not purport to dispose of all parties or claims pending before the court. See *Stockton v. Summers*, 504 S.W.2d 637, 638 (Tex.Civ.App.-Houston [14th Dist.] 1974, no writ).

■ In the instant case, there was no order of severance of appellants' counterclaim, and the judgment states, "this Court is of the opinion, and so finds . . . that there is an absence of any genuine issue of any material fact concerning Plaintiff's entitlement to judgment *based on all causes of action alleged in Plaintiff's Original Petition*." [Emphasis added.] Thus it is clear that the summary judgment neither disposed of appellants' counterclaim nor intended to do so.

We note that appellants contend that there was error on the part of the trial court in granting appellee's motion for summary judgment because that court failed to specify the facts that appear without substantial controversy and failed to direct further proceedings on appellants' counterclaim. These actions are provided for in Rule 166–A(d), T.R.C.P.; however, that rule provides that where judgment is not rendered on the whole case, the court shall *if practicable* ascertain the facts that exist without substantial controversy and thereupon shall enter its order specifying such facts and directing such further proceedings

**58**

as are just. It is thus a matter addressed to the discretion of the trial court and appellants claim no abuse of that discretion here. It does not appear from the record that appellants requested such an order, but the trial court's order deeming appellee's requests for admissions to be admitted may be considered as an order specifying that the facts contained in such requests exist without substantial controversy.

Inasmuch as the summary judgment was obviously not rendered upon the whole case (see Rule 166–A(d), supra), it is interlocutory in character and not appealable. We, therefore, have no jurisdiction of this appeal and it is accordingly dismissed.