**ESTATE OF John GRANT,
Deceased, Appellant,**

v.

**ZLB CORPORATION; William J. Bielamowicz; First National Bank, Franklin, Texas, Trustee; and Intervenor Wesley Eugene Peyton, Trustee, Appellees.**

No. 10–87–033–CV.

Court of Appeals of Texas,
Waco.

Aug. 20, 1987.

Charles D. Johnson, James L. Phillips, Houston, for appellant.

Wesley Eugene Peyton, Hearne, Robert T. Swanton, Jr., Sleeper, Johnson, Helm & Fontaine, Waco, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff Estate of John Grant from summary judgment decreeing recovery of 20 described acres of land by Intervenor Peyton from plaintiff and defendants.

Plaintiff Grant Estate sued ZLB, Bielamowicz and First National Bank alleging ZLB obtained a deed from Grant to 62.58 acres by fraud; that ZLB thereafter conveyed 20 acres in such tract to First National Bank, Trustee; that the consideration for such 20 acre conveyance was the cancellation of a pre-existing debt, and sought cancellation of both the 62.58 acre deed and the 20 acre deed.

Thereafter, Wesley Eugene Peyton filed petition in intervention alleging he owns the 20 acres of land as Trustee and prayed for judgment against plaintiff and defendants for such 20 acres.

Intervenor Peyton thereafter filed a motion for summary judgment for the 20 acres, which was granted by the trial court. The court judgment decreed title to the 20 described acres to Intervenor Peyton, but did not sever Intervenor's claim and judgment from the balance of the pending lawsuit.

Plaintiff Grant Estate appeals from the partial summary judgment. A summary judgment which does not dispose of all parties and all issues in a pending suit is

interlocutory and not appealable unless a severance of that phase of the case is ordered by the trial court. In the absence of such an order of severance, a party against whom such an interlocutory summary judgment has been rendered will have his right of appeal when the same is merged in a final judgment disposing of the whole case. *Pan American Petroleum v. Texas Pacific Coal & Oil Co.*, S.Ct., 159 Tex. 550, 324 S.W.2d 200; *Hibbard Office World Inc. v. Jay, CCA* (Tyler), (Tex.Civ.App.) 580 S.W.2d 55; 4 Tex.Jur.3d, p. 132, et seq.

We do not have jurisdiction and dismiss this appeal.

APPEAL DISMISSED.