**Larkin T. THEDFORD, Appellant,**

v.

**COUNTY OF JACKSON, Appellee.**

**No. 804.**

Court of Civil Appeals of Texas, Corpus Christi.

Dec. 13, 1973.

Rehearing Denied Jan. 3, 1974.

Larkin T. Thedford, Edna, for appellant.

Tom Garner, Jr., Rhodes & Garner, Port Lavaca, Wm. K. Wilder, County Atty., Edna, for appellee.

## OPINION

YOUNG, Justice.

This is an appeal from a declaratory judgment denying the plaintiff the right to lay and maintain a pipeline along a Jackson County road. Larkin T. Thedford, as an owner of an interest in a gas well in Jackson County, Texas, brought suit under the Uniform Declaratory Judgments Act, Article 2524–1, Vernon's Ann.Civ.St., (1965), against Jackson County, Texas, requesting the trial court to declare that, under the provisions of Article 1436b § 1, V. A.C.S. (1962), he has the right to construct a pipeline along Kramer Road.

The trial was before the court without a jury. The trial court rendered judgment that plaintiff does not have any right under the subject Article 1436b or any other applicable law of Texas to lay and maintain a pipeline along Kramer Road. From that judgment the plaintiff appeals.

In a single point of error, the appellant asserts that the trial court erred in not granting summary judgment and/or not holding that appellant had the right to lay a pipeline along Kramer Road to transport gas from a producing gas well into the Texas Eastern Transmission Corporation's pipeline.

The record reflects that the appellant Thedford owns a working interest in a shut-in gas well, and that he was negotiating to sell the gas from that well to Texas Eastern Transmission Corporation. In order to effectuate the proposed sale, Thedford requested permission of the commissioners' court of Jackson County to lay a pipeline along Kramer Road, for approximately one-half mile, so he could link his gas well to the Texas Eastern pipeline which crossed Kramer Road. The commissioner's court refused Thedford's request and this action for declaratory judgment resulted.

Although the appellant complains that the trial court failed to grant summary judgment, there is nothing in the record which shows that appellant ever filed a motion for summary judgment. In the absence of such motion, neither the trial court nor the appellate court can render summary judgment. Rule 166–A, Texas Rules Civil Procedure; Ziebarth v. Lee and Beulah Moor Children's Home, 431 S. W.2d 798 (Tex.Civ.App.—El Paso 1968, no writ); Republic National Bank of Dallas v. Southern Brokerage Company, 338 S. W.2d 295 (Tex.Civ.App.—San Antonio 1960, n. r. e.).

The controlling question is whether the appellant is such a person or entity who is allowed by Article 1436b, supra, or Article 6020, V.A.C.S. (1962), to lay a pipeline in the right of way of a county road. Such Article 1436b provides in part:

"Section 1. Any person . . . engaged in the business of transporting or distributing gas for public consumption shall have the power to lay and maintain pipes, . . . used for conducting gas . . . along . . . public . . . roads . . . within this State; . . ."

Related to this point, the only testimony at the trial came from Mrs. Betty Bunch, who said that she was employed as a bookkeeper for Mr. J. C. Stone and that Mr. Stone and Mr. Thedford (plaintiff-appellant) were attempting to negotiate a contract with Texas Eastern for the sale of gas from the subject well. Mrs. Bunch further testified that as a bookkeeper she did oil and gas proration work; that she was familiar with the shut-in gas well which Thedford desired to connect to the Texas Eastern line; that Thedford owned a working interest in the well; that there would be no retail customers or consumers between the well and the Texas Eastern line; and that before tying a line from the shut-in well to the Texas Eastern line, Stone and Thedford would have to petition the Federal Power Commission for permission to sell gas and Texas Eastern would have to so petition to buy the gas. During the testimony of Mrs. Bunch, all of the attorneys for all of the parties stipulated that Thedford was a producer (of gas).

■ This testimony of Mrs. Bunch and the stipulation is no evidence that appellant, pursuant to Article 1436b, supra, is a person presently engaged in the business of transporting or distributing gas for public consumption. At most, it reflects that the appellant is, or will be, in the business of producing gas for sale to Texas Eastern and that his line would only be a private line to carry his gas from his private well to Texas Eastern. We hold that appellant has no right under the provisions of Article 1436b, supra, to lay and maintain a pipeline along Kramer Road.

The appellant next contends that Article 6020, supra, gives him authority to lay the proposed pipeline. Such article provides:

"The right to lay, maintain and operate pipe lines . . . along . . . any public . . . highway in this State, is hereby conferred upon all said common carrier pipelines. . . ."

In this respect the appellant contends that by connecting the pipeline from his well to Texas Eastern's pipeline, he becomes a part of a "common carrier" and thus, he falls within such Article 6020. Article 6018, V.A.C.S. (1962), defines a pipeline common carrier as follows:

"Every person . . .

4. Owning, operating or managing or participating in ownership, operation or management, under lease, contract of purchase, agreement to buy or sell, or other agreement or arrangement of any kind whatsoever, any pipe line or pipe lines, or part of any pipe line, for the transportation from any oil field or place of production within this State to any distributing, refining or marketing center or reshipping point thereof, within this State, of crude petroleum *bought of others*; Is hereby declared to be a common carrier. . . ." (Emphasis supplied)

In 4 Summers, Oil and Gas § 751 at 322 (1962) the rule is stated:

"Gas pipe line companies transporting gas produced from their own wells to distant markets and not engaged in the business of transporting gas for hire or of purchasing gas from other producers are not common carriers or common purchasers of gas."

To the same effect see Col-Tex Refining Co. v. Hart, 144 S.W.2d 909, 911 (Tex. Civ.App.—Eastland 1940, writ ref'd).

■ It is apparent from the evidence, particularly the testimony of Mrs. Bunch summarized above, that the appellant is merely engaged, or will be engaged, in the business of gas production and that he does not operate, pursuant to Article 6018, supra, a pipeline which transports gas *bought of others*. Nor does he operate a pipeline which transports gas *for hire*. The appellant is not, therefore, a common carrier or a part of the pipeline transmission system of any common carrier. We so hold. The appellant's point of error is overruled.

The judgment of the trial court is affirmed.