

# The Attorney General of Texas

October 15, 1980

MARK WHITE
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable John H. Poerner  
Chairman  
Railroad Commission of Texas  
P. O. Drawer 12967  
Austin, Texas 78711

Opinion No. MW-258

Re: Effect of Senate Bill 833

Dear Chairman Poerner:

You have requested an opinion on several questions about the effect of Senate Bill 833, Acts 1979, 66th Legislature, chapter 216, section 1, at 473, which amended article 6050, section 2, V.T.C.S. Article 6050, V.T.C.S., also known as the Cox Act, with the portion repealed by Senate Bill 833 placed in brackets, reads as follows:

> The term 'gas utility' and 'public utility' or 'utility,' as used in this subdivision, means and includes persons, companies and private corporations, their lessees, trustees, and receivers, owning, managing, operating, leasing or controlling within this State any wells, pipe lines, plant, property, equipment, facility, franchise, license, or permit for either one or more of the following kinds of business:

> . . . .

> 2. Owning or operating or managing a pipe line for the transportation or carriage of natural gas, whether for public hire or not, if any part of the right of way for said line has been acquired, or may hereafter be acquired by the exercise of the right of eminent domain. [or if said line or any part thereof is laid upon, over or under any public road or highway of this State, or street or alley of any municipality, or the right of way of any railroad or other public utility; including also any natural gas utility authorized by law to exercise the right of eminent domain.]

You ask, first, what kind of businesses or business entities have been excluded from the definition of "gas utility" by the bill. The terms "utility", "public utility", and "gas utility" will be used interchangeably. Article 6050,

V.T.C.S., as amended by Senate Bill 833, no longer contains language which would make one in the business of transporting gas a utility solely because its gas pipelines are upon or cross any public road or the right-of-way of any utility or railroad.

Article 6050, V.T.C.S., has not historically been construed as making any entity a utility solely because it owned, operated, or managed pipelines which carried natural gas across a public road or other right-of-way listed in section 2. To be a utility under that section the entity must also be engaged in the business of transporting gas. A producer may operate such pipelines as an incident of its production business without affecting its status as a gas utility. Attorney General Opinions WW-926 (1960); WW-625 (1959); O-3524-A (1942). Such a producer could be a utility under article 6050, V.T.C.S., sections 1 and 3, but its operation of a pipeline across a public road would not make it one. Similarly, a distributor of gas necessarily operates pipelines which frequently cross roads and other rights-of-way. While such distributors are utilities, they are not made utilities by section 2 of article 6050, V.T.C.S., because they are not in the business of gas transportation. Thompson v. United Gas Corporation, 190 S.W. 2d 504 (Tex. Civ. App. - Austin 1945, writ ref'd).

Before the passage of Senate Bill 833, one who was in the business of transporting natural gas and either crossed a named right-of-way or held the power of eminent domain, was a utility under section 2. Under the section as amended, only those engaged in the gas transportation business and holding or having exercised the power of eminent domain would be included. The right of eminent domain is conferred upon gas corporations by article 1436, V.T.C.S. By its terms, the statute applies only to corporations. Its predecessor statute, Acts 1911, 32nd Legislature, chapter 3, section 4, at 228, was similarly worded and was so construed in Van Valkenburgh v. Ford, 207 S.W. 405 (Tex. Civ. App. - Galveston 1918), aff'd on other grounds, 228 S.W. 194 (Tex. Comm'n App. 1921). Accordingly, only corporations can now be included in the definition of a gas utility stated in section 2. The amendment does not limit the types of business entities which may be gas utilities under sections 1 and 3, nor is there such a limitation in the Public Utility Regulatory Act (PURA), article 1446c, V.T.C.S.

In answer to your first question, we conclude that one engaged in the business of transporting gas whose pipelines cross a public road or utility or railroad right-of-way and who has no other utility characteristics has been excluded by the amendment from the definition of a utility found in article 6050, V.T.C.S.

Your second question is what businesses have been excluded from liability for the gross receipts tax imposed by article 6060, V.T.C.S. While article 6060, V.T.C.S., states that the tax is imposed on "every gas utility subject to the provisions of this subdivision," it has not applied so broadly since its partial repeal in 1931. Acts 1931, 42nd Leg., ch. 73, §10, at 111. That amendment provided that the tax would be imposed only upon utilities as defined by section 2 of article 6050, V.T.C.S. The amendment was upheld and construed in Thompson v. United Gas Corporation, supra. The effect of Senate Bill 833 is to narrow the scope of section 2, as discussed in response to your first question. Only those entities engaged in the business of transporting gas whose

pipeline rights-of-way have been or may be acquired by exercise of the power of eminent domain, whether or not such lines cross public roads or other rights-of-way, remain subject to the tax.

Your third question, whether businesses exclude from the amended Cox Act's definition of a gas utility are nevertheless "public utilities" under article 1446c, section 3(c)(3), V.T.C.S., requires an examination of the latter statute, which provides:

> (c) The term 'public utility or utility,' when used in this Act, includes any person, corporation, river authority, cooperative thereof, corporation, or any combination,. . . or their lessees, trustees, and receivers, now or hereafter owning or operating for compensation in this state equipment or facilities for:
>
> . . . .
>
> (3) transmitting or distributing combustible hydrocarbon natural or synthetic natural gas for sale or resale in a manner which is not subject to the jurisdiction of the Federal Power Commission under the Natural Gas Act (15 U.S.C.A., Section 717, et seq.) ('gas utilities' hereinafter) provided that the production and gathering of natural gas, the sale of natural gas in or within the vicinity of the field where produced, the distribution or sale of liquified petroleum gas, and the transportation, delivery, or sale of natural gas for fuel for irrigation wells or any other direct use in agricultural activities is not included.

In Bayou Pipeline Corporation v. Railroad Commission, 568 S.W. 2d 122 (Tex. 1978), a gas gathering company challenged the Railroad Commission's assertion of jurisdiction over it as a utility under section 2 of article 6050, V.T.C.S. The corporation, which gathered gas produced by others by means of a pipeline which crossed public roads, argued that the definition in article 1446c, section 3(c)(3), V.T.C.S., excluded it, and that, therefore, a conflict existed between article 6050, section 2, V.T.C.S., and the PURA. Article 1446c, section 90(a), V.T.C.S., repeals any statutory provision in conflict with any provision of the PURA; accordingly, Bayou argued that the definition in the PURA controlled and the corporation was excluded from utility status. The Supreme Court held that there is no such conflict between article 6050, section 2, V.T.C.S., and article 1446c, section 3(c)(3), V.T.C.S. It held that the PURA's exclusion of "production and gathering", upon which the corporation relied, did not exclude a gatherer of gas produced by another.

The question presented in Bayou Pipeline Corporation v. Railroad Commission, supra, whether or not a gas gatherer whose lines cross public roads is a public utility under article 6050, section 2, V.T.C.S., has arisen frequently. Generally, the courts, the Attorney General, and the Railroad Commission have distinguished between those who gather only the gas they have produced and those who gather gas belonging to

others.   The former are not utilities, Attorney General Opinions WW-625 (1959); O-3524-A (1942); see also Thedford v. County of Jackson, 502 S.W. 2d 899 (Tex. Civ. App. - Corpus Christi 1973, writ ref'd n.r.e.); the latter are.   Bayou Pipeline Corporation v. Railroad Commission, supra; Re Amarillo Oil Company, Tex. R.R. Comm'n, Gas Utilities Docket No. 747; Re Champlin Petroleum Company, Tex. R. R. Comm'n, Gas Utilities Docket No. 1066; Re Gulf Oil Corporation, Tex. R. R. Comm'n, Gas Utilities Docket No. 1081.

In Bayou Pipeline Corporation v. Railroad Commission, supra, at 126, the court stated that "gas gathering pipelines may be considered as utilities in both PURA and the Cox Act."   The repeal of part of the Cox Act definition by Senate Bill 833 has no effect on the PURA definition.   Accordingly, at least some gatherers no longer included under article 6050, section 2, V.T.C.S., will still be utilities under the PURA. Whether or not a particular entity now removed from gas utility status under the Cox Act is still a utility under the PURA must be determined by examining its particular activities.

## SUMMARY

Senate Bill 833 has removed from the definition of a "gas utility" under section 2 of article 6050, V.T.C.S., businesses and business entities which are in the business of transporting gas and whose pipelines are laid upon or under a right-of-way designated in article 6050, section 2, V.T.C.S., and which do not have any other characteristics which would bring them within that definition.   All businesses and business entities except those which are in the business of transporting gas and which hold the power of eminent domain have been excluded from liability for the gross receipts tax imposed by article 6060, V.T.C.S.   Some businesses and business entities which have been removed from the definition of "gas utility" under article 6050, V.T.C.S., by Senate Bill 833 are included in the definition of "public utility" in article 1446c, section 3(c)(3), V.T.C.S.   The activities of each business will have to be examined to determine whether it falls within that definition.

Very truly yours,

MARK   WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

Prepared by Phyllis Schunck
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
David B. Brooks
Bob Gammage
Susan Garrison
Rick Gilpin
William G. Reid
Phyllis Schunck
Scott Wilson
Bruce Youngblood