Miguel S. VILLARREAL, Appellant,

v.

Milli ZUKOWSKY, et al., Appellees.

No. 13–99–285–CV.

Court of Appeals of Texas, Corpus Christi.

Aug. 31, 2001.

---

7. Tex. Health and Safety Code Ann. § 481.120(c) (Vernon 1992).

Nathan A. East, Portland, Gregory T. Perkes, Meredith, Donnell & Abernethy, Corpus Christi, for appellant.

Kim Cox, Corpus Christi, for appellees.

Before Chief Justice VALDEZ and Justices DORSEY and RODRIGUEZ.

## OPINION

Opinion by Chief Justice VALDEZ.

This appeal involves the construction and interpretation of the Last Will and Testament of decedent Adelina San Miguel Villarreal. Three of the decedent's children, appellees Milli Zukowsky, Angelina Hibbs, and Manuel Villarreal, asserted that the language in their mother's will granting a "life estate" in her home to appellant, Miguel S. Villarreal, their brother, was invalid, and therefore sought partition of the property. Appellant maintained that the will granted him a life

estate in his mother's home and asserted various affirmative defenses and counterclaims. The district court granted appellees' "Second Motion for Summary Judgment," and signed an order requiring that the property be partitioned by sale and that the proceeds from the sale be distributed among appellees. Appellant seeks to appeal this order by ten issues.

The threshold issue in this case is whether or not we have jurisdiction over the appeal. The order at issue is titled a "Final Judgment on Plaintiffs' Motion for Summary Judgment," and provides that "All other relief not granted herein is specifically denied." The order states that: "the court hereby GRANTS Plaintiffs' Second Motion for Summary Judgment and DENIES Defendant's counterclaims." The order provides that the realty at issue be partitioned by court-ordered sale, and the net proceeds from such sale be distributed among appellees. The order also directs appellant to immediately deliver possession of the realty to appellees.

■ The Texas Supreme Court recently revisited the "persistent problem" of determining when a judgment rendered without a conventional trial on the merits is final for purposes of appeal. *See Lehmann v. Har–Con Corp.*, 39 S.W.3d 191 (Tex.2001).[1] In *Lehmann*, the supreme court held that:

> We no longer believe that a Mother Hubbard clause in an order or in a judgment issued without a full trial can be taken to indicate finality. We therefore hold that in cases in which only one final and appealable judgment can be

rendered, a judgment issued without a conventional trial is final for purposes of appeal if and only if either it actually disposes of all claims and parties then before the court, regardless of its language, or it states with unmistakable clarity that it is a final judgment as to all claims and all parties.

*Id.* at 192–93. Neither the inclusion of a Mother Hubbard Clause or equivalent language nor use of the word "final" in the title conclusively establishes that a judgment rendered without a conventional trial is final for purposes of appeal. *Id.* at 203–05.

■ In Plaintiffs' Original Petition for Partition, appellees sought either partition of the property by sale, or in the alternative, sought to have the house leased at a fair rental value. Appellees also sought to recover rent from appellant for the time that he occupied the home, and further sought to recover their attorney's fees. The order does not address either appellees' claim for fair rental value of the house pending sale, or appellees' claim for attorney's fees. Therefore, the judgment in this case fails to actually dispose of all claims before the court, regardless of the inclusion of the "Mother Hubbard" clause or its denomination as a "final" judgment. *Id.*

■ Moreover, finality must be resolved by a determination of the intention of the court as gathered from the language of the decree and the record as a whole, aided on occasion by the conduct of the parties. *Id.* at 205–06. There is evidence in the appellate record that the trial court did not

---

1. Before *Lehmann* was decided by the supreme court, appellant filed an "unopposed motion to dismiss interlocutory appeal and/or motion to equitably remand to trial court" on grounds that the trial court had not intended to enter a final judgment. Our Court denied the motion based on *Mafrige v. Ross*, 866 S.W.2d 590 (Tex.1993), and its progeny. We now reconsider appellant's motion in light of the supreme court's decision in *Lehmann*. We deny appellant's motion to equitably remand, and grant his motion to dismiss the appeal as interlocutory, on grounds discussed herein.

intend for this order to constitute a final judgment. An affidavit from the trial court, the Honorable Joel Johnson presiding, provides in pertinent part:

It was my intent to sign an Order granting a partial summary judgment only. I intended to overrule the Defendant's affirmative defenses to such claims. I requested Plaintiffs' counsel to prepare and submit the appropriate Order. Notwithstanding my intention that this be an Interlocutory Judgment, [it] granted more relief than I intended. Believing the case was pending, a trial on the merits was set for June 16, 1999.

The Defendant's counterclaims for unauthorized practice of law, breach of fiduciary duty and civil conspiracy were not intended to be the subject of my Order. I did not become aware the Order I had signed adjudicated the entire case until the Clerk's record had been filed with the Appellate Court. This occurred when my Court Coordinator contacted the attorneys to confirm their readiness for a trial on the merits of the Defendant's counterclaims to be heard June 16, 1999.

The affidavit clearly establishes the trial court's intention to render a partial summary judgment.

▇▇▇ We recognize that *Lehmann* is inapplicable to cases "like some probate and receivership proceedings, in which multiple judgments final for purposes of appeal can be rendered on certain discrete issues." *See Lehmann,* 39 S.W.3d 191, 192 (Tex.2001). To determine whether a judgment is interlocutory or final and appealable in probate proceedings, we apply the rule articulated by the Texas Supreme Court in *Crowson v. Wakeham,* 897 S.W.2d 779 (Tex.1995):

If there is an express statute, such as the one for the complete heirship judgment, declaring the phase of the probate

proceedings to be final and appealable, that statute controls. Otherwise, if there is a proceeding of which the order in question may logically be considered a part, but one or more pleadings also part of that proceeding raise issues or parties not disposed of, then the probate order is interlocutory.

*Id.* at 783; *see also Estate of Navar v. Fitzgerald,* 14 S.W.3d 378, 380 (Tex.App.—El Paso 2000, no pet.)(discussing continued viability of "substantial right" test). A probate proceeding consists of a continuing series of events, in which the probate court may make decisions at various points in the administration of an estate on which later decisions will be based. *See Logan v. McDaniel,* 21 S.W.3d 683, 688 (Tex.App.—Austin 2000, pet. denied). In the instant suit, the decedent's will was admitted to probate in county court as a muniment of title only, and the present proceeding to "establish the respective interests of the parties hereto in the real estate in question" and seeking a "partition by sale" was filed over a year later in district court. This case is consequently not a probate proceeding "in which multiple judgments final for purposes of appeal can be rendered on certain discrete issues." *Id.; cf. Schuld v. Dembrinski,* 12 S.W.3d 485, 487 (Tex.App.—Dallas 2000, no pet.)(no probate proceeding pending after admission of will to probate as muniment of title). Nevertheless, even if this were construed as such a case, the judgment at issue would be interlocutory under *Crowson v. Wakeham,* 897 S.W.2d 779 (Tex.1995), because, as previously discussed, the pleadings raise issues not disposed of in the judgment. *See id.* at 783.

▇▇▇ Based on the foregoing facts and law, we determine that the order at issue is interlocutory; inclusion of the "Mother Hubbard" clause cannot make it final. It does not dispose of all of appellees' claims

against appellant, nor did Judge Johnson intend for it to be final. In Texas, appeals may be had only from final orders or judgments, and interlocutory orders may be appealed only if permitted by statute. *Jack B. Anglin Co. v. Tipps,* 842 S.W.2d 266, 272 (Tex.1992). The judgment at issue is not final, and we therefore dismiss this appeal for want of jurisdiction.