NO. 12-02-00342-CV



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT


 

TYLER, TEXAS


 


ROBERT HALBERT,
§
 APPEAL FROM THE 

APPELLANT


V.
§
 COUNTY COURT AT LAW NO. 3 OF


JUDY BOX, ET AL.,

APPELLEES
§
 SMITH COUNTY, TEXAS






MEMORANDUM OPINION


PER CURIAM

 This is a probate matter involving a will contest, during which the parties entered into a
mediated settlement agreement. Subsequently, Appellees filed a petition in this same cause seeking
to enforce the settlement agreement. The parties later filed competing motions for summary
judgment. Thereafter, the trial court entered an order granting Appellees' partial motion for
summary judgment. The order did not dispose of Appellees' claim for attorney's fees set forth in
their third amended petition to enforce the mediated settlement agreement.

 Appellant attempts to appeal the trial court's order granting partial summary judgment in
favor of Appellees. Since the trial court's order does not dispose of the Appellees' claim against
Appellant for recovery of attorney's fees, it is interlocutory in nature. See Crowson v. Wakeham,
897 S.W.2d 779, 783 (Tex. 1995); see also Villarreal v. Zukowsky, 54 S.W.3d 926, 929 (Tex. App.-
Corpus Christi 2001, no pet.) (in probate action to construe will, order which did not dispose of
party's claim for fair rental value or attorney's fees not final under rule in Crowson). Nevertheless,
Appellant has attempted to appeal from that order.

 The Texas Supreme Court has set forth the following test for determining the finality of
orders in probate cases:


 If there is an express statute, such as the one for the complete heirship judgment, declaring the phase
of the probate proceedings to be final and appealable, that statute controls. Otherwise, if there is a
proceeding of which the order in question may logically be considered a part, but one or more
pleadings also part of that proceeding raise issues or parties not disposed of, then the probate order
is interlocutory. For appellate purposes, it may be made final by a severance order, if it meets the
severance criteria....


Crowson, 897 S.W.2d at 783. The instant appeal is not authorized by statute. Furthermore, based
on our review of the record, Appellees' claim for attorney's fees may logically be considered a part
of Appellees' action to enforce the mediated settlement agreement. See Villarreal, 54 S.W.3d at
929; see also Crowson, 897 S.W.2d at 783. Thus, since the order granting partial summary
judgment has not otherwise been made final by a severance order, we dismiss the appeal for want
of jurisdiction.


Opinion delivered May 30, 2003.

Panel consisted of Worthen, C.J. and Griffith, J.






(PUBLISH)