Dismissed and Memorandum Opinion filed July 17, 2003









Dismissed and Memorandum Opinion filed July 17, 2003.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-02-00842-CV

____________

 

CRAIG STEPAN, Appellant

 

V.

 

MARK
CHAMNESS, Appellee

 



 

On
Appeal from the County Court at Law No. 2

Brazoria County, Texas

Trial
Court Cause No. 23,205

 



 

M
E M O R A N D U M   O P I N I O N








Over
a year after entering into an agreed final judgment in a will-contest case,
appellant Craig Stepan filed a petition in which he
(1) sought to set aside the agreed final judgment; (2) sued appellee
Mark Chamness on various claims; and (3) sued
attorneys Benjamin Best and Joseph Montalbano, who
represented Stepan and Chamness,
respectively,  in the will contest.  Stepan eventually nonsuited Montalbano.  On July 29, 2002, the probate court denied
the petition to set aside the agreed final judgment and dismissed Stepan=s cause of action against Chamness,
but denied Best=s motion to dismiss Stepan=s
petition against him, thereby allowing Stepan=s
claim against Best to proceed in probate court. 
Stepan now appeals from the July 29, 2002
order.  We conclude this court does not
have jurisdiction over the present appeal.

For
a judgment to be a final, appealable judgment in a
probate proceeding, it is not necessary that the judgment be one that fully and
finally disposes of the entire probate proceeding.  Crowson v. Wakeham, 897 S.W.2d 779, 781
(Tex. 1995).  Nevertheless, the
judgment Amust be one which finally disposes of and is conclusive of the
issue or controverted question for which that
particular part of the proceeding is brought.@  Id.

In
the order signed July 29, 2002, which is the subject of the present appeal, the
probate court disposed of Stepan=s
petition to set aside the agreed final judgment and Stepan=s
causes of action against appellee Chamness.  In the same order, however, the trial court
denied Best=s motion to dismiss Stepan=s
cause of action against Best, a cause of action which was pleaded in the same
petition by which Stepan sought to set aside the
agreed final judgment and sued Chamness.  The trial court did not sever the remaining
claim against Best from the claims of which it disposed.  Accordingly, the July 29, 2002 order was an
interlocutory order, and we lack jurisdiction over the appeal.  See id. at
783; see also Villarreal v. Zukowsky, 54
S.W.3d 926, 929 (Tex. App.CCorpus Christi 2001, no pet.) (in
dictum, stating judgment being appealed would be interlocutory under Crowson because pleadings raised issues not disposed
of in judgment).

We
therefore dismiss the appeal for lack of jurisdiction.

 

 

/s/        John
S. Anderson

Justice

 

 

 

Judgment rendered and Memorandum Opinion
filed July 17, 2003.

Panel consists of Justices Anderson,
Frost, and Guzman.