NUMBER 13-02-532-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      

ANITA MARIA CASTILLO, TERESA 
TORRES AND RODOLFO TORRES,
                                                                                                    Appellants,

v.
 
PETRA TORRES, 
                                                                                                     Appellee.
                                                                                                                                      

On appeal from the 138th District Court of Cameron County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Rodriguez and Garza
Opinion by Justice Garza

            Appellants, Anita Maria Castillo Torres, Teresa Torres, and Rodolfo Torres, appeal
from the trial court’s award of partial summary judgment to appellee Petra Torres. We
have reviewed the case and conclude that the trial court’s order is not final. Consequently,
we dismiss the appeal for lack of jurisdiction.
          On July 7, 2001, appellee filed suit against appellants in the 138th District Court of
Cameron County, Texas. The purpose of the suit was to quiet title to certain real property
located in Cameron County and to obtain declaratory relief. On June 10, 2002, appellee
filed a motion for summary judgment, requesting that the trial court declare the property
to have been the separate property of Maximiliano Torres and to further declare that a
warranty deed from Maximiliano conveying the property to Camila Torres was valid. On
August 16, 2002, Judge Robert Garza of the 138th District Court awarded appellee
summary judgment and granted the requested declaratory relief. Now on appeal,
appellants complain by a single issue that the trial court erred when it granted the motion
for summary judgment. Primarily, appellant argues that the validity of the deed conveying
the property was in question and therefore remained an unresolved issue of material fact
that should have been determined by a jury.
          Unless otherwise statutorily authorized, an appeal may be made only from a final
judgment. Tex. Civ. Prac. & Rem. Code Ann. §§ 51.012, 51.014 (Vernon 1997 & Supp.
2004). That is, absent an express grant of authority, we do not have jurisdiction to review
an interlocutory order. See Steeple Oil & Gas Corp. v. Amend, 394 S.W.2d 789, 790 (Tex.
1965); Dixon v. Shirley, 531 S.W.2d 386, 388 (Tex. App.–Corpus Christi 1975, writ ref’d
n.r.e.); see also Villareal v. Zukowsky, 54 S.W.3d 926, 930 (Tex. App.–Corpus Christi
2001, no pet.)
          A judgment is final for purposes of appeal if it disposes of all pending parties and
claims in the record, except as necessary to carry out the decree. Lehmann v. HAR-CON
Corp., 39 S.W.3d 191, 195 (Tex. 2001); Jack B. Anglin Co. v. Tipps, 842 S.W.2d 266, 272
(Tex. 1992); see Villareal, 54 S.W.3d at 929. More specifically, an order is not considered
final for purposes of appeal unless it actually disposes of every pending claim and party,
or unless it clearly and unequivocally states that it finally disposes of all claims and parties. 
Lehmann, 39 S.W.3d at 205. 
          Appellee’s original action consisted of two separate claims: an action to quiet title
and a declaration of Maximiliano Torres’s separate ownership and conveyance of the
property. The summary judgment rendered by the trial court failed to dispose of appellee’s
action to quiet title and awarded only declaratory relief. The order conveying the judgment
gives no indication that it intended to resolve the case completely or that it intended to
address or dismiss the quiet title claim. Thus, a final judgment is not before this court. 
See id. 
          Because of the interlocutory nature of the judgment being appealed from, we abated
the appeal on March 19, 2004 and ordered the parties to modify their claims within thirty
days so as to make the judgment of the trial court final for purposes of appeal. The parties
have failed to respond to this order, and therefore, we are still confronted with an
incomplete judgment. 
          Significant issues remain to be determined in this case before it can be properly
appealed, which will require more than the disposition of perfunctory issues that can be
procedurally addressed, and so we are without authority to hear this case. See id. 
Accordingly, we dismiss this appeal for lack of jurisdiction.      
 

 
                                                                                      ________________________
                                                                                      DORI CONTRERAS GARZA,
                                                                                      Justice

Opinion delivered and filed 
this the 13th day of May, 2004.