**Opinion issued February 5, 2026**



In The

# Court of Appeals

For The

# First District of Texas

———————————————

## NO. 01-25-00245-CV

———————————————

### ROBERT EPEGA, Appellant

### V.

### VOLVO FINANCIAL SERVICES AND BRUCKNER TRUCK SALES INC., Appellees

---

**On Appeal from 434th District Court**
**Fort Bend County, Texas**
**Trial Court Case No. 24-DCV-322113**

---

## MEMORANDUM OPINION

Appellant Robert Epega, proceeding pro se, filed a notice of appeal from the trial court's interlocutory order granting Appellee Bruckner Truck Sales Inc.'s motion to transfer venue. Appellant argues that his appeal "seeks to reverse the trial

court's ruling and restore venue to Fort Bend County, where the operative facts and resulting harm occurred."[1]

We generally have appellate jurisdiction only over final judgments, unless a statute authorizes an interlocutory appeal. *See CMH Homes v. Perez*, 340 S.W.3d 444, 447–48 (Tex. 2011); *Villarreal v. Zukowsky*, 54 S.W.3d 926, 930 (Tex. App.—Corpus Christi-Edinburg 2001, no pet.) (holding "appeals may be had only from final orders or judgments, and interlocutory orders may be appealed only if permitted by statute"); *see also* TEX. CIV. PRAC. & REM. CODE § 51.014 (authorizing appeals from certain interlocutory orders). There is no statutory authority for judicial review of an interlocutory order granting a motion to transfer venue. *See Rush Truck Centers of Texas, L.P. v. Sayre*, 718 S.W.3d 233, 237 (Tex. 2025); TEX. CIV. PRAC. & REM. CODE § 15.064(a) (stating there is no interlocutory appeal from trial court's venue determinations); TEX. R. CIV. P. 87(6) (prohibiting interlocutory appeals from orders on motions to transfer venue). Section 15.003(b) creates a limited exception permitting interlocutory appeals from venue determinations in multi-plaintiff cases where "a plaintiff's independent claim to venue is at issue." TEX. CIV. PRAC. & REM. CODE § 15.003(b)(1); *Sayre,* 718 S.W.3d at 237 (holding that Section 15.003(b) creates a narrow exception in multi-plaintiff cases where a trial court determines that

---

[1] There are two plaintiffs named in the underlying suit: Robert Epega and Million Dollar Transportation, LLC. Only Epega filed a notice of appeal.

2

"a plaintiff did or did not independently establish proper venue"). This is not a multi-plaintiff case involving a plaintiff's independent claim to venue. Section 15.003(b) is thus inapplicable.

On September 4, 2025, we notified Appellant that his interlocutory appeal was subject to dismissal for lack of jurisdiction unless he filed a response explaining why this Court has jurisdiction over his appeal. *See* TEX. R. APP. P. 42.3(a) ) (authorizing dismissal of appeal for lack of jurisdiction). On October 14, 2025, Appellant filed a response arguing that this Court has jurisdiction over his appeal under Texas Civil Practice and Remedies Code Sections 15.064 and 51.014(a)(4). But neither provision authorizes interlocutory appeals from an order granting a motion to transfer venue. To the contrary, Section 15.064(a) expressly provides that when a trial court makes a venue determination, "[n]o interlocutory appeal shall lie from the determination." TEX. CIV. PRAC. & REM. CODE § 15.064(a). And section 51.014(a)(4) does not concern venue determinations. Rather, it provides that a party may appeal from an interlocutory order of a trial court that "grants or refuses a temporary injunction or grants or overrules a motion to dissolve a temporary injunction . . . ." *Id.* § 51.014(a)(4).

Because Section 15.064(a) provides that no interlocutory appeal lies from a trial court's venue determination, and the present appeal does not fall under the

3

narrow exception in Section 15.003(b), we dismiss the appeal for lack of jurisdiction.

*See* TEX. R. APP. P. 42.3(a), 43.2(f). We deny any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Rivas-Molloy, Guiney, and Morgan.